## Stump v. Commonwealth.

(Decided January 23, 1925.)

### Appeal from Pike Circuit Court.

1. Indictment and Information—Indictment Charging Manufacture, Possession, Sale, Barter, Keeping for Sale, and Transportation of Liquor Held Demurrable.—Indictment charging that defendant "did unlawfully manufacture, possess, sell, barter, give away to divers persons, . . . keep for sale and transport from place to place," intoxicating liquors, held demurrable because it charges more than one offense, in violation of Criminal Code of Practice, section 165, subdivision 3.

2. Criminal Law—Refusal to Require Prosecuting Attorney to Elect as to Offense for which Defendant was to be Prosecuted Held Ground for Reversal.—Where indictment charged that defendant "did unlawfully manufacture, possess, sell, barter and give away, . . . and keep for sale and transport," intoxicating liquors, refusal of court to require Commonwealth's attorney to elect as to particular offense for which defendant was to be prosecuted, as required by Criminal Code of Practice, section 168, held ground for reversal, notwithstanding sufficiency of evidence to sustain conviction for particular offense submitted to jury.

3. Intoxicating Liquors—Evidence Aided by Proof of Defendant's Plea of Guilty in Federal Court Held Sufficient for Submission of Case to Jury.—In prosecution for manufacture of liquor, evidence, including proof that defendant entered plea of guilty in federal court under indictment for same charge, held sufficient for submission of case to jury.

4. Intoxicating Liquors—Defendant's Residence Within 300 Yards of Still Not in Itself Sufficient for Submission to Jury on Question of Unlawful Manufacture.—The mere fact that defendant lived within 300 or 400 yards of still with others living closer thereto, without proof of defendant's reputation, is not in itself sufficient for submission to jury of question of whether he was guilty of the unlawful manufacture of liquor.

STATON & KEESEE for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Thomas—Reversing.

The indictment herein was returned by the grand jury of Pike county, which is a part of the 35th circuit court judicial district in this Commonwealth, at the June term 1924 of the Pike circuit court, and it charges the appellant and defendant below, Frank Stump, with the "offense of unlawfully manufacturing, selling, bartering, possessing, giving away and keeping for sale, and transporting spirituous, vinous, malt and intoxicating liquors, committed in manner and form as follows, viz.: The said Frank Stump on the 17th day of June, 1924, in the county aforesaid did unlawfully manufacture, possess, sell, barter and give away to divers persons whose names, number and identity are to the grand jurors unknown, and keep for sale, and transport from place to place spirituous, vinous, malt and intoxicating liquors, other than for sacramental, medicinal, scientific or mechanical purposes, against the peace and dignity of the Commonwealth of Kentucky."

A demurrer filed thereto was overruled and defendant was put upon his trial without any election made by the Commonwealth's attorney as to which one of the multifarious accusations named in the indictment he would prosecute. At the close of the evidence the court submitted to the jury, by its instructions, the defendant's guilt or innocence of the offense of "manufacturing whiskey" without even following the language of the indictment that it was not done "for sacramental, medicinal, scientific or mechanical purposes." A verdict of guilty was returned with an attached penalty of a fine of $300.00 and confinement in the county jail for ninety days. Defendant's motion for a new trial was overruled and he prosecutes this appeal, urging as grounds for reversal the failure of the court to sustain the demurrer to the indictment, followed by his refusal to require the Commonwealth's attorney to elect and the failure on the part of that officer to do so. Other grounds are also urged, but we think none of them meritorious except the one specified.

Following the express mandates of subsection 3 of section 165, and section 168 of the Criminal Code of Practice, and which is required of us by our oaths of office, we have constantly held from the time of the enactment of those sections that an indictment charging more than one public offense was subject to demurrer, and

under the provision of the last cited section, unless an election was made as to which offense the defendant would be prosecuted, a trial under the duplicitous or multifarious charge would be unwarranted and a judgment of conviction would be reversed. We have recently so held in a number of indictments from the same judicial district in prosecutionis for the same character of offenses here involved, but apparently without effect upon the officers of that court. It entails no hardship, extra labor or difficulty on the part of the draftsman of the indictment to designate the particular offense therein, since he, in many instances, examines the witnesses before the grand jury, or if not he has access to the testimony given before that tribunal from the minutes which it is required to make; and from the information thus obtainable it would require less time to write into the indictment one *specific* offense than it would to incorporate the whole catalogue of offenses contained in the prohibitory statute. It is an unpleasant obligation on us to constantly reverse judgments of conviction for errors of this kind where the evidence is sufficient to establish guilt, but our duties under the circumstances are mandatory and under the provisions of the Code, to say nothing about our long and unbroken line of decisions, a due regard for our oaths of office requires us to continue to reverse them although it might result in an eventual acquittal of a guilty offender and at the same time increase the work of the courts by an unnecessary duplicate trial, and also incur double costs. For the foregoing reasons we are blameless for such consequences, the responsibility being on the trial court.

It is insisted, as a second ground of reversal, that the evidence was insufficient to sustain the conviction, which would be true if it were not for the fact that it was proven at the trial that defendant entered a plea of guilty in the federal court under an indictment for the same charge. Independently of that fact, the testimony was insufficient to connect defendant with the operation of the still which was supposed to have been operated by somebody within three or four hundred yards of his residence. Signs and indications of the operation of a still at such places were proven, but the only fact relied on by the Commonwealth connecting defendant with it was the bare one that he resided within three or four hundred yards of the place while others resided nearer

thereto and still others in the same vicinity. No proof of the defendant's reputation was made at the trial, and the case, therefore, independent of the proven plea in the federal court, is not as strong as that of Lakes v. Commonwealth, 200 Ky. 266, in which we held that the evidence was insufficient to sustain the conviction. But, with the aid of the proven plea of guilty in the federal court, the trial court did not err in submitting the case to the jury.

For the error above pointed out, the judgment was erroneous and it is reversed, with directions to grant the new trial and for proceedings consistent herewith.