## Wallace v. Commonwealth.

(Decided April 27, 1920.)

### Appeal from Carlisle Circuit Court.

1. Criminal Law—Accomplices— Evidence —Corroboration—Submission to Jury.—Where there is evidence other than that of an accomplice which connects a defendant with the commission of a

crime, and is not mere evidence of the crime having been com-
mitted and the circumstances of it, the evidence of an accomplice
is sufficiently corroborated to require submission to a jury.

2.   Criminal Law—Continuance.—After the term of court at which
an indictment is found if the defendant asks for a continuance on
account of the absence of witnesses, and the attorney for the
Commonwealth agrees that the affidavit of the defendant may
be read as the depositions of the witnesses, it is not an abuse
of discretion on the part of the court to overrule the motion
for a continuance, in the absence of anything, which would
indicate the presence of the absent witnesses was necessary, in
order that the full effect of their testimony may be had.

3.   Criminal Law—New Trial.—It is not an abuse of discretion to
overrule the motion of a convicted defendant to postpone the
rendering of judgment until the next term in order to enable the
defendant to perfect his grounds for a new trial, on the ground
of newly discovered evidence where the affidavit for the post-
ponement shows that a new trial would not be granted on account
of the evidence of such witnesses.

R. B. FLATT for appellant.

CHARLES I. DAWSON, Attorney General, THOMAS B. McGRE-
GOR, Assistant Attorney General, W. P. HUGHES, BEN S. ADAMS and
ROY SHELBOURNᴇ for appellee.

OPINION OF THE COURT BY · JUDGE HURT—Affirming.

The appellant, Jack Wallace, was jointly indicted
with Dewey Goins, for the crime of feloniously breaking
into a storehouse, with the intent to steal therefrom. He
was found guilty of the crime by a verdict of a jury, and
in accordance with the verdict sentenced to serve a term
of three years, in the penitentiary. He appeals from the
judgment and seeks a reversal upon the following
grounds:

(1)   The verdict of-the jury is against the law and
evidence.

(2)   The court failed to properly instruct the jury.

(3)   The court erred to his prejudice in refusing him
a continuance of the prosecution, when it was called for
trial.

(4)   The court erred to his prejudice in overruling
his motion to postpone passing judgment upon the ver-
dict of the jury, until the following term of the court.

The grounds will be considered in the order stated.
(a)   The basis for the contention, that the verdict is
against the evidence, is really a claim, that there was not

sufficient evidence to sustain the verdict, in that, Dewey Goins testified upon the trial to all such facts as were necessary to prove the appellant's guilt, and that Goins being an accomplice, there was not sufficient evidence from any other source to connect appellant with the commission of the crime. Goins testified, that he and appellant together broke and entered the storehouse, which was in the town of Bardwell, at night, with the intent to steal therefrom, and took from the storehouse, coats, shoes, coat suits, underwear, pants, etc., to the value, as proven of about $400.00; that they, also, took therefrom a suit case each, in which they put the stolen goods, each of them among other things having taken two pairs of shoes; they walked to a deep "cut," through which the railroad passes near Wickliffe, arriving there about the rising of the sun, on the following morning. They hid the suit cases containing the fruits of their burglarious venture, in a hollow, in the woods near the "cut," and then proceeded to the residence of Mrs. Bass, who lived several hundreds of yards distant, and on the way, saw and bespoke James Manning, who was engaged at a tobacco barn, in curing the tobacco with fire; and on returning upon that afternoon about three o'clock, they saw a colored man, engaged in working in the "cut." Manning and the colored man corroborate the above statements, and the colored man testified, that Wallace when he left the "cut" on the afternoon was carrying a suit case. Manning and the colored man fix the time, when they thus saw appellant and Goins, in company with each other, as being about the time, they heard of the store being broken and entered. The goods were recovered, and among other things a coat suit, from a woman, with whom appellant was at that time, associating. The crime was committed, on the night of September 25th, and the appellant when arrested, thereafter on December 25th, was wearing one of the pairs of shoes, which were taken from the storehouse, on the night of the burglary. The latter circumstance, alone, would be a sufficient corroboration of the testimony of Goins to require the submission of the case to the jury, as it tends to connect the appellant with the commission of the crime, and if the testimony of Goins was eliminated, the fact that appellant had in his possession a portion of the stolen goods would be evidence, which would tend to connect him with the commission of the crime.

(b)   The contention that the court refused to properly instruct the jury, is based, upon the fact, that in addition to denial of participation in the crime, the appellant testified and, also, produced other testimony to the effect, that the night, upon which the crime was committed, he spent at the dwelling of his brother in the state of Missouri, and hence could not have been at Bardwell at that time, and it is now insisted for him, that 'the court should have instructed the jury, touching this claim of an alibi on the part of appellant. This evidence offered by appellant, as to his being elsewhere, when the crime was committed was competent upon the issue as to his guilt, and the instruction of the court, that before finding him to be guilty, the jury must believe beyond a reasonable doubt, that he broke and entered the store with the intent to steal, and to find him not guilty, if entertaining a reasonable doubt as to his guilt, were all the instructions necessary to protect his rights upon the issue as to his guilt. The only issue in the case was whether the appellant participated in the commission of the crime.

(c)   The trial was not had, at the same term of the court, at which the indictment was found. The appellant in his affidavit set out the facts, which he proposed to prove by his brothers, who had been summoned and were absent, and the attorney for the Commonwealth having agreed to the reading of the affidavit, as the depositions of the absent witnesses, the motion for continuance was overruled. The affidavit was read upon the trial and appellant received the benefit of the testimony of the absent witnesses. There is no circumstance that indicates that the court abused its discretion in denying the motion for a continuance.

(d)   Ten days after the trial, the appellant was brought into court for the purpose of sentencing him, in accordance with the verdict of the jury. He entered a motion for a postponement of the rendering of judgment upon the verdict until the next term of the court, as appears from the affidavit, for the purpose of presenting, as a ground for a new trial, that he had discovered material evidence in his behalf, which with ordinary diligence, he could not have discovered and presented upon his trial. The affidavit, however, discloses that he knew of the witnesses and the facts, which they would prove, if they would prove such facts, before and at the time of

his trial as well as thereafter, and made no effort to se-
cure the testimony of these witnesses, and did not present
same as a ground of continuance before the trial. He
does not pretend, that he was surprised by anything,
which transpired upon the trial, and his trial did not
occur for over fifty days after his arrest, and no reason
is shown, as to why, he did not make an effort to secure
the evidence of the witnesses, whose testimony he now
desires, nor is any reason shown, why he did not ask for
a continuance to procure their evidence, if he desired it.
The grounds presented by him for a postponement of
the judgment would have been valueless to him, in an
effort to procure a new trial, and hence there was no
reason for the postponement.

The judgment is therefore affirmed.