### Frazier v. Commonwealth.

(Decided January 14, 1921.)

## Appeal from Daviess Circuit Court.

Criminal Law — Accomplices — Corroboration.—In determining whether under the provisions of section 241 of the Criminal Code there has been sufficient corroboration of the testimony of an accomplice, the rule is that if when the evidence of the accomplice is eliminated there yet remains other evidence connecting the accused with the commission of the crime, it is sufficient.

RICHARD H. SLACK and TANNER W. JETT for appellant.

CHAS. I. DAWSON, Attorney General, and CHAS. W. LOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

The appellant, Coy Mason, James Barker and Chester Clements were jointly indicted, charged with breaking into the storeroom or warehouse of the Owensboro Street Railway Company with the intention to steal therefrom articles of value. The indictment charged each of them as principal and each of them as an aider and abettor of the others.

The appellant was granted a separate trial, and upon such trial was found guilty and sentenced to the penitentiary for three years.

This appeal is prosecuted solely upon the ground that the only evidence of his guilt was that of two of his accomplices, Mason and Barker, and that in as much as section 241 of the Criminal Code provides that a conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the of-

fense, the lower court erred to his prejudice in not sustaining his motion for a directed verdict of not guilty at the close of the Commonwealth's testimony.

Mason and Barker, the two accomplices, testified, in substance, that they had previously arranged with appellant and Clement to break into the warehouse or office of the street railway company; and that in accordance with this arrangement they met at twelve o'clock at night at a certain point in Owensboro and from there the four proceeded to the warehouse or office; and that there was found a transom to one of the outside doors open and Mason, with the assistance of Barker, was elevated to and went through the transom, while Frazier was a few feet away standing guard; and that Mason after getting on the inside opened a window and Barker also went in through the window; that after getting in this outer room they removed the screws from a screen between that and the inside office whereby the screen was lifted or raised and they went into the inside office, and there, in some manner not clearly disclosed, opened the safe and took therefrom something over two hundred dollars in money and a large number of metal checks used by the railway company to sell to its patrons for use in riding on its cars; and that they took this money and these checks to a point nearby and the four of them divided the money equally but that Frazier took most of the metal checks.

The only evidence tending to connect appellant with the commission of this crime other than that of the two accomplices was that of two women, Zulu Rush and Anna Zink. Mrs. Rush states that a short time after the warehouse and office were broken into, not definitely fixing how long, the appellant was at her home, and while in the same room with her exhibited a considerable number of metal checks, appearing to her to be such metal checks as were used by the Owensboro Railway Company, and that he had something like a double handful, or when his hands were cupped together it looked as if they were almost full of these checks. While she was on the stand there was exhibited to her one of these checks which was offered in evidence, and she said that was the kind of checks she had seen Frazier have.

Anna Zink states that after the robbery she saw appellant on the street one day with "a lot of checks in

his hand,'' meaning these metal checks, but not giving the number.

The sole question here is, does the evidence of these two women sufficiently corroborate the evidence of the two accomplices to satisfy the provisions of section 241 of the Criminal Code, where it is provided, "A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show that the offense was committed, and the circumstances thereof.''

In determining this question the rule has been laid down by this court that if, eliminating the evidence of the accomplice, or accomplices, there yet remains other evidence which will connect the accused with the commission of the crime, it is sufficient under the terms of that section: Hale v. Com., 185 Ky. 119; Com. v. McGarvey, 158 Ky. 570.

From the evidence of these two women we find this appellant, a short time after the commission of this crime, when a large number of these checks were stolen, in possession of a most unusual number of them, and there is no explanation of such possession.

Applying the rule laid down in the cases referred to, it is apparent that this significant evidence tends to connect him with the commission of this crime.

Judgment affirmed.