## Caudill v. Commonwealth.

(Decided September 25, 1923.)

### Appeal from Simpson Circuit Court.

1. Criminal Law—Commonwealth Entitled. Upon Appeal to Amend Warrant.—On appeal from the quarterly to the circuit court, the Commonwealth may amend the warrant to make it sufficient.

2. Intoxicating Liquors—Carrying Whiskey Short Distance for Purpose of Destruction, "Transportation."—It constituted the offense of unlawful "transportation" to carry whiskey a short distance from a house for the purpose of destroying it as evidence.

3. Intoxicating Liquors—Evidence Held to Sustain Unlawful Transportation.—Testimony of officers that when they approached a house they saw defendant run therefrom with jars under his arm. which he broke upon a rock before they had overtaken him, and that they collected a small quantity of liquor which had run into a depression in the ground, held sufficient to justify conclusion that defendant, when he saw the approach of the officers to the house, left with the whiskey, either for the purpose of hiding it away elsewhere, or destroying it as evidence.

MOORE & MOORE and COLLIER & DENNING for appellant.

T. B. McGREGOR, Attorney General, and EDWARD L. ALLEN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Appellant was charged by warrant in the Simpson quarterly court with the transportation of whiskey, and upon a trial therein was found guilty. He appealed to the Simpson circuit court, in which tribunal the warrant was amended, and upon his trial there was again found guilty, and from that judgment prosecutes this appeal.

The right of the Commonwealth upon appeal in such cases to amend the warrant has been so often upheld that

we need not further discuss this question. After amendment in the circuit court the warrant was in all respects sufficient.

The evidence is that one Taylor lived in a house on the property of appellant's father, and that the sheriff and another officer went to the house with a warrant for Taylor; that as they reached the house, or the road in front of it, appellant was seen running from the Taylor house with a half gallon jar in his arm, and as it turned out another such jar under his shirt. He was followed by the officers, but at a point about 125 yards from the house and before the officers had overtaken him, he broke the two jars on a rock. The officers were only a few steps behind him at the time, and when they came up to the place smelled the liquor and saved and preserved a small quantity which had run into a depression in the ground after the jars were broken, and this liquid was presented in evidence on the trial.

The fact that he carried these two jars and their contents from the house and to the point where they were destroyed is admitted by appellant; but he says he had taken them from the house at the request of Taylor's wife to be destroyed.

The argument is made for appellant that he was entitled to a directed verdict of not guilty because the statute when properly construed did not intend to make it an offense to carry whiskey for a short distance for the purpose of destroying it; but there is no such exception in the statute, and the evidence in this case justifies the conclusion that appellant when he saw the approach of the officers to the Taylor home left the house with the whiskey either for the purpose of hiding it away elsewhere or destroying it as evidence.

Judgment affirmed.