## Duke v. Commonwealth.

(Decided December 14, 1923.)

### Appeal from Daviess Circuit Court.

1. Criminal Law—Test as to Who are Accomplices.—Crucial test as to who are accomplices is as to whether the supposed accomplice could be convicted as an aider and abettor upon the testimony showing his participation in the commission of the offense.

2. Criminal Law—Testimony of Accomplice Must be Corroborated.— If supposed accomplice could be convicted as an aider and abettor upon testimony showing his participation in the commission of the offense, his testimony must be corroborated before the defendant on trial can be convicted.

3. Searches and Seizures—One Cannot Complain of Search Without Warrant of Premises Not Owned or Controlled by Him.—One operating a still in a mine cannot complain of search of the mine and discoveries made there by an officer without a search warrant where he was not the owner of the land upon which the mine was operated, and was not interested as a lessee or a sublessee, but was at most only a bare licensee by acquiescence.

LOUIS I. IGLEHEART for appellant.

THOS. B. McGREGOR, Attorney General, and EDWARD L. ALLEN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, William Duke, was convicted in the Daviess circuit court on his trial under an indictment charging him and others with the offense of unlawfully manufacturing intoxicating liquors, as denounced by section 1, Acts 1922, page 109, commonly known as the "Rash-Gullion Act." On this appeal from the judgment

pronounced, after overruling his motion for a new trial, his counsel insist that he is entitled to a reversal because (1) the evidence was insufficient to sustain the conviction and, (2) the court erred in not sustaining his motion for a peremptory acquittal. A disposition of both grounds requires a consideration of the evidence introduced by the Commonwealth, which was all that was heard at the trial, the defendant not testifying nor introducing any witness in his behalf, and they will be disposed of together.

Dave King held a lease on a tract of land in the county owned by Delbert Payne. A shaft had been sunk and mining operations had been carried on. King sublet the operation of the mine to M. O. Stallings, a co-defendant in the indictment with appellant, and thereafter the latter in some way (not made clear by the evidence) located in the mine a still, which he subsequently operated. Stallings and his nephew, Yewell Stallings, both worked at the mining operations and they were each introduced by the Commonwealth, and testified to the operation of the still by the appellant and his manufacturing whiskey therewith. They likewise testified that neither of them was in any way interested in the still or in its operation or in its product, but that occasionally they would take a drink of the liquor. They also testified that at times when requested by appellant to do so they assisted him in lifting the still and placing it on the improvised furnace, and under the same conditions and in the same manner they assisted him occasionally to lift it off the furnace after a run had been made, and because of such assistance it is earnestly argued that both of them were guilty equally with appellant as aiders and abettors, and that under section 241 of the Criminal Code, appellant can not be convicted on their testimony, unless it was "corroborated by other evidence tending to connect the defendant with the commission of the offense." The only corroborating testimony heard upon the trial was that given by O. H. McFarland, a federal prohibition enforcement officer, who with others went into the mine and discovered the still in operation and found defendant nearby and apparently in charge. His evidence was alone sufficient to sustain the conviction, if it was competent. But, it is insisted that it was incompetent because the witness had no search warrant and was for that reason not authorized to go into the mine.

It will thus be seen that two questions are presented, which are: (a), whether the witnesses, M. O. Stallings and

his nephew were accomplices with defendant in committing the offense charged, and (b), whether the testimony of the witness, McFarland, although he had no search warrant, was incompetent as against appellant, under the proven facts Question (a), involves some nice, as well as narrow, distinctions relating to the definition of an accomplice, and its solution is not entirely free from difficulty. The crucial test, as laid down by text writers and opinions, is, whether the supposed accomplice could be convicted as an aider and abettor upon the testimony showing his participation in the commission of the offense?. That rule is so universal as to require the citation of no supporting authority. If the testimony would be insufficient to support a conviction of the witness as an accomplice or an aider or abettor, then his evidence would need no corroboration and would in itself sustain a conviction of the defendant on trial; but on the other hand if the proof was sufficient to authorize his conviction, then it would be necessary for it to be corroborated before the defendant on trial could be convicted thereon. We have concluded, however, to pass the question as presented under the testimony in this case without determining it, since we are satisfied that the testimony of McFarland was competent as against the appellant and was abundantly sufficient (especially without being contradicted) to sustain his conviction.

Appellant was not the owner of the land upon which the mine was operated, nor was he interested as a lessee or a sublessee. At most he was only a bare licensee by acquiescence. Indeed, it is not shown in the testimony, except by inference, that he was even that much. He was the possessor of no leasehold interest and his acquired status or right to possession or occupancy of the premises were not such as to clothe him with the sacred rights intended to be guarded and protected by the constitutional provision against unreasonable searches and seizures; and under numerous opinions from this court, he can not complain that discoveries, made thereon by an officer, were not done under a search warrant. Some of the more recent cases so holding are: Bowling v. Commonwealth, 193 Ky. 642, and Lakes v. Commonwealth, 200 Ky. 266. Discarding, therefore, the testimony of the other two witnesses, but without determining whether or not they were accomplices of appellant, his conviction is abun-

dantly sustained by the testimony of McFarland, which we hold was competent, and the court did not err in over-ruling the motion for a peremptory instruction of acquittal.

Wherefore, the judgment is affirmed.