## Anderson v. Commonwealth.

(Decided September 26, 1924.)

### Appeal from Pike Circuit Court.

1. Criminal Law—Searches and Seizures—One Cannot Complain of Search of Premises Not in His Possession.—Defendant may not complain of illegal search of premises not his own or in his possession, nor introduction against him of evidence thus disclosed, if otherwise competent.
2. Intoxicating Liquors—Evidence Held Insufficient to Warrant Conviction for Operating Illicit Still.—Evidence held insufficient to sustain conviction for operating illicit still found on property of defendant's mother of which he did not have possession.

DAUGHERTY & BARRETT for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Clarke—Reversing.

For reversal of the judgment convicting appellant of operating an illicit still, it is insisted that the evidence for the Commonwealth was incompetent because the search warrant under which it was obtained and the affidavit upon which the warrant issued were defective, and that the evidence was insufficient to warrant the submission of the case to the jury or to support the verdict.

Under a warrant directing a search of the premises of appellant, officers searched the premises of appellant's mother, and found thereon about eight and one-half gallons of moonshine whiskey hidden at various places, from

150 to 350 feet distant from her dwelling house. They also found a still, a still cap, and arm about 250 or 300 feet from the house on a hill and in or near some timber.

It is further shown without contradiction that appellant owned a farm adjoining the one occupied by his parents and owned by his mother; that about two months before appellant's arrest, a building in which he lived and conducted a store on his own farm burned; that thereafter he and his wife lived with his son-in-law in another house on his own farm, until about three weeks before his arrest when he went to Boyd county on a busi ness trip, and that during his absence his wife stayed with his parents at their home; that he returned from that trip and to his parents' home at about eight o'clock on the evening before the search and his arrest. One of the officers who made the search testified that the defendant's reputation for illicit trafficking in liquor was bad, but two of his neighbors testified that it was good prior to this arrest.

As it is admitted by all parties that the defendant did not own or have control of the premises searched, and upon which the still, etc., were found, we need not consider the many objections urged to the validity of the search warrant and affidavit upon which it issued, since it is well settled in this state that a defendant may not complain of an illegal search of premises not his own, or in his possession, nor of the introduction against him of evidence thus disclosed, if otherwise competent. Bowling v. Commonwealth, 193 Ky. 642, 237 S. W. 381; Keith v. Commonwealth, 197 Ky. 362, 247 S. W. 42; Weber v. Commonwealth, 202 Ky. 499, 260 S. W. 1.

This leaves for consideration only the question of whether or not there was sufficient evidence to warrant the inference that the defendant had been operating the still found upon his mother's farm. Defendant denies this, or any knowledge of or connection with the still or whiskey, and there is no direct evidence to the contrary. It is insisted, however, for the Commonwealth that such an inference is reasonable from the proof that appellant, at the time of the search, was making his home with his parents, and that his father was so crippled from rheumatism as to be incapable of getting about the farm or operating the still, especially when considered in con-

nection with the evidence for the Commonwealth of defendant's bad reputation for trafficking in liquor.

The trouble with this theory is that it necessarily attributes to the defendant, because of his father's infirmities, possession or control of the premises where the still and whiskey were found, for otherwise there is no reasonable basis for an inference of his being connected therewith. That such evidence is not entitled to that weight is clear, since for the purpose of sustaining the search and the evidence thereby disclosed, the Commonwealth concedes that the possession and control, as well as the title of the searched premises, were not in the defendant.

Obviously the Commonwealth cannot, in the same case, for one purpose concede that the appellant was not in possession of the searched premises, and for another assume that he was in control thereof and therefore responsible for what might be found thereon.

As was held in the case of Lakes v. Commonwealth, 200 Ky. 266, 254 S. W. 908, proof of bad reputation, although substantive evidence in this kind of case, is not of itself sufficient to warrant a conviction, and has probative value only to corroborate other proven circumstances indicating guilt.

Here then the only circumstances that can be relied upon as indicating that appellant ever operated the still found on his parents' farm is the fact that he stayed there the night before the discovery, and the further fact that his father was physically unable to have operated it. We are quite unable to ascribe to either or both of these circumstances any such quality. As was said in Johnson v. Commonwealth, 194 Ky. 568, 239 S. W. 1048:

> "All right-thinking persons must concede the necessity of enforcing the law prohibiting the manufacture and sale of intoxicating liquors, but such necessity cannot justify the conviction of those charged with the violation of such laws upon mere suspicion, as was done in this case. The guilt of the offender must be established by the evidence beyond a reasonable doubt, as in the case of other law violators. Guilt may be shown by circumstantial evidence sufficient to destroy every reasonable hypothesis of innocence, but it cannot be established upon mere suspicion or conjecture."

To the same effect see also Binion v. Commonwealth, 195 Ky. 217, 241 S. W. 803, and Everman v. Commonwealth, 198 Ky. 5, 248 S. W. 485.

We consider the evidence in this case insufficient to warrant a submission to the jury, or to sustain the verdict, and the judgment is reversed for a new trial not inconsistent herewith.