## Wax v. Commonwealth.

(Decided May 14, 1926.)

### Appeal from Harlan Circuit Court.

1. Criminal Law—Circuit Court on Appeal Held to have Properly Permitted Commonwealth to Amend Warrant.—Circuit court on appeal held to have properly permitted Commonwealth to amend warrant by inserting words "spirituous and vinous," following words, "malt and intoxicating."

2. Criminal Law.—Overruling Demurrer to Warrant Charging More than One Offense, if Error, Held Harmless, Where Court in Instructing Jury Submitted Only One Offense.—Though overruling demurrer to warrant, which may have been bad for duplicity, was error, such error was harmless, where court in instructing jury submitted only one offense.

3. Searches and Seizures.—Search of accused's premises was not unlawful, though no search warrant had been issued, where consented to by accused.

4. Searches and Seizures.—One may not complain of an illegal search of premises not his own or in his possession.

5. Searches and Seizures.—One disclaiming ownership or possession of searched premises may not claim constitutional privilege against search without a warrant.

6. Criminal Law.—Admission of testimony as to Search Without Warrant Being Produced Held Not Error, where Search was Consented to and Ownership or Possession of Premises Denied.—Where accused consented to search of premises and disclaimed ownership or possession of premises, court did not err in admitting evidence obtained in search, though no search warrant was produced.

HALL, LEE & SNYDER, for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

One night in the latter part of May, 1925, several peace officers went to the home of the appellant armed with a search warrant for the purpose of searching his premises for whiskey. They first sent one Walter Lewis, who was not a peace officer, into appellant's house for the purpose of buying some whiskey, while they remained outside but nearby. Lewis testifies that when he entered the house he offered to purchase from the appellant some moonshine whiskey; that the appellant replied that he would have to go out into the yard to get it for him, and that the appellant then rinsed out a fruit jar preparatory to so doing. Appellant denies this, and says Lewis only asked aid for a drunken comrade who was lying helpless in the road outside; and that he went to the door with Lewis to assist him in bringing this friend into the house. The officers testify that while Lewis was in the house they heard a noise in there which sounded like some one pouring liquid into a fruit jar. They concluded that Lewis had been successful in his purpose and that appellant was filling the jar with whiskey. When Lewis

and the appellant came out the door the officers outside placed the appellant under arrest, read to him the search warrant, and then made a search of the house and premises. The found no liquor in the house, but under a pile of rock near to the house and within appellant's enclosure they found a half-gallon of moonshine whiskey. Appellant was tried under a warrant in the quarterly court, and, being found guilty of illegally possessing moonshine whiskey, he appealed to the circuit court. He there interposed a demurrer to the warrant. The court permitted the warrant to be amended and then overruled the demurrer. On the trial which followed, appellant was again found guilty of illegal possession and from the judgment entered on the verdict he appeals.

He insists, first, that the circuit court committed error in permitting the warrant to be amended. The warrant originally charged the appellant with unlawfully having in possession "malt and intoxicating liquor." The court permitted the warrant to be amended by the insertion of the words, "spirituous and vinous," so that it read, "malt and intoxicating, spirituous and vinous liquors." It is well settled that on an appeal to the circuit court the Commonwealth may amend the warrant, and for that reason the first contention of the appellant is without merit. Baker v. Commonwealth, 200 Ky. 294, 254 S. W. 887; Caudill v. Commonwealth, 200 Ky. 251, 254 S. W. 745; Walters v. Commonwealth, 199 Ky. 182, 250 S. W. 839.

It is next contended that the court should have sustained the demurrer to the warrant because it charged more than one offense. The warrant first recites that there "was reasonable grounds for believing that the appellant had committed the offense of selling, transporting or having in his possession malt and intoxicating, sprituous and vinous liquors." Following this the warrant sets out only facts constituting an unlawful possession, and in instructing the jury the court submitted to it only that issue. Conceding, though not deciding, that the warrant was bad for duplicity, yet the failure of the court to sustain the demurrer to it was in this case harmless and hence not prejudicial error. In Hawkins v. Commonwealth, 70 S. W. 640, in discussing this proposition, this court said:

"While it appears that the language employed by the draftsman of the indictment is comprehensive

enough to include the two offenses, yet the effect of the demurrer might have been avoided by an election on the part of the Commonwealth to prosecute either of the offenses charged. Although the demurrer was improperly overruled, yet the Commonwealth did elect, by the line of proof introduced, to stand upon the first named charge. The instructions to the jury embraced but the one charge. The error was harmless. The court and the prosecution seem to have treated the reference to the warehouse as surplusage.''

To the same effect is Clymer v. Commonwealth, 64 S. W. 409, where we said:

''If there was any defect in the indictment, it was only defective in charging more than one offense. Under section 168 of the Criminal Code of Practice, if the indictment had been adjudged bad on this ground the court would have required the Commonwealth's attorney to elect which offense he would prosecute. At the conclusion of the evidence the court instructed the jury as though the indictment had contained only the charge that appellant, William Clymer, raped the woman. This eliminated all but one offense, if more than one was charged, and was substantially the same thing as the court's then sustaining the demurrer, and requiring the Commonwealth to prosecute appellant exclusively on the charge that he committed the offense. A judgment of conviction cannot be reversed for any error occurring on the trial, unless upon consideration of the whole case this court is satisfied that the substantial rights of the defendant have been prejudiced thereby. Criminal Code of Practice, section 340. We therefore conclude that the ruling of the court below on the demurrer is not ground for reversal, and do not determine whether it was correct or not.''

It follows, therefore, that, even though it was error to overrule the demurrer, such error was harmless and furnishes no reason for reversal in this case.

It is next insisted that, inasmuch as the Commonwealth failed to produce the search warrant under which the search was made and the whiskey discovered or to account for its absence, none of the evidence relating to what was discovered on the search should have been ad-

mitted over appellant's objection. However, appellant's own testimony on direct examination discloses that he consented to the search, and hence it was not unlawful, even though no search warrant had ever been issued. Commonwealth v. Meiner, 196 Ky. 840, 245 S. W. 890; Brown v. Commonwealth, 208 Ky. 345, 270 S. W. 833; Howard v. Commonwealth, 197 Ky. 297, 247 S. W. 10. The purpose of requiring a search warrant to be produced on the trial is to enable the court to determine whether the search was lawfully made or not. But if the search was consented to, then this issue is no longer in the case, and, the reason for the rule failing, the rule no longer applies. Further, appellant denied that the place where the whiskey was found was within his enclosure or on his premises. It is rather hard to see how one may claim his constitutional privilege against illegal search while at the same time he is denying ownership or possession of the place searched. One may not complain of an illegal search of premises not his own or in his possession. Anderson v. Commonwealth, 204 Ky. 486, 264 S. W. 1087; Buchanan v. Commonwealth, 210 Ky. 364, 275 S. W. 878. It ought logically to follow that if he disclaims the ownership or possession of such premises he may not claim a constitutional privilege against a search of them without a search warrant. It was so held in Ragland v. Commonwealth, 204 Ky. 598, 265 S. W. 15. The court then committed no error in permitting the introduction of the testimony objected to without the production of the search warrant.

No error appearing prejudicial to appellant's substantial rights, the judgment of the lower court is affirmed.