## Crawford v. Commonwealth.

(Decided October 3, 1930.)

TYE, SILER, GILLIS & SILER and POPE & UPTON for appellant.

J. W. CAMMACK, Attorney General, and HOWARD BLACK for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant was convicted of the offense of voluntary manslaughter arising out of the killing of William Lawson, sentenced to serve 15 years in the penitentiary, and appeals.

There was no one present at the time the appellant killed Lawson except the appellant, Chalk Johnson, and of course Lawson. Johnson was produced as a witness for the commonwealth, and his testimony as to what took place at the time of the killing, if believed, made out a case of murder. The testimony of the appellant as to what took place, if believed, made out a case of self-defense. Johnson on cross-examination was asked if he did not immediately after the killing state to certain named persons: (1) "Caney had to kill Bill Lawson to keep from getting killed himself," (2) "Caney had it to do," and (3) "Caney and Bill had killed each other." He denied making these statements. The appellant later offered to show that Johnson had made these statements which he denied making. The court refused to permit the testimony to be introduced, whereupon proper avowals were made. The sole ground relied upon for a reversal of the judgment in this case is the claimed error of the court in rejecting this offered testimony which the appellant wished to introduce for the purpose of impeaching the witness Johnson. We are informed by the brief of the appellant that the lower court rejected this testimony on the ground that it related to a collateral matter; and that the appellant having examined Chalk Johnson on this collateral matter was bound by his answer and could not thereafter impeach him. It is plain to us that the offered testimony was not on a collateral matter. It referred directly to the matter of the killing and if believed affected the credibility of Johnson most seriously. The Assistant Attorney General in his brief does not attempt to justify the ruling of the

court on the basis stated in the appellant's brief, but does insist that the ruling was correct because the impeaching testimony offered did not state facts but, as the Assistant Attorney General says, "only Johnson's opinion and conclusions." This question of how far a witness may be impeached by his statements which it is claimed are but opinions and conclusions is thus discussed in 2 Wigmore on Evidence, sec. 1041:

> "A common difficulty is to determine whether some broad assertion, offered in contradiction really assumes or implies anything specifically inconsistent with the primary assertion. The usual case of this kind is that of a general statement upon the merits of the controversy, which is now offered against a witness who has testified to a specific matter. Thus, A testifies for the prosecution that he saw the defendant near the scene of the alleged arson; it is offered to show that he has elsewhere declared that he is sure that the defendant is innocent; is this admissible? The usual answer of some courts is that the declaration should be excluded because it is mere opinion. This is unsound, (1) because the declaration is not offered as testimony and therefore the Opinion Rule has no application, and (2) because the declaration in its opinion-aspect is not concerned, and is of importance only so far as it contains by implication some contradictory assertion of fact. In short, the only proper inquiry can be, is there within the broad statement of opinion on the general question some implied assertion of fact inconsistent with the other assertion made on the stand? If there is, it ought to be received, whether or not it is clothed in or associated with an expression of opinion. As a matter of precedent, the rulings vary more or less in the results reached."

In connection with the text, the author cites the Kentucky cases of Franklin v. Commonwealth, 105 Ky. 237, 48 S. W. 986, 20 Ky. Law Rep. 1137; Ross v. Commonwealth, 55 S. W. 4, 21 Ky. Law Rep. 1344; and Shinkle v. McCullough, 116 Ky. 960, 77 S. W. 196, 25 Ky. Law Rep. 1143, 105 Am. St. Rep. 249. In the first of these three cases, the principal witness had testified to facts tending to show that the appellant in that case had planned the homicide for which he was being tried. The

lower court refused to allow the appellant to show that this witness had told divers people that he "knew" the accused had nothing to do with the killing. On appeal, we held this evidence was admissible to affect the credibility of the principal witness.

In the second case, it was held that the trial court erred in allowing evidence to be introduced to show that a witness for the accused had stated to certain people that she had begged the accused "not to get into" the difficulty and that as soon as she heard their voices (that of accused and the deceased) she knew they were going to have a difficulty. While this court did say this was "opinion" evidence, yet it directed the evidence to be excluded on the ground that it did not contradict anything as to which the witness had testified.

In the last case, evidence was admitted to show that the defendant in an automobile accident, who denied he was guilty of any negligence, had out of court stated that he regarded himself as "responsible" for the accident.

To these cases should be added that of Denton v. Commonwealth, 188 Ky. 30, 221 S. W. 202. In that case, a judgment of conviction for the crime of murder was reversed because the evidence was insufficient to sustain it. In the opinion, however, it appears that the witness Clark had testified to facts implicating the accused. The lower court refused to allow the accused to impeach Clark by showing that Clark had stated to certain named persons that he knew the accused did not do the killing. This ruling of the trial court was approved in the opinion cited on the ground that the contradiction was on a collateral matter and embodied only the opinions of Clark. There is no discussion of the question in the opinion and its determination is not fortified by any citation of authority. The contradiction was certainly not on a collateral matter and the statement in the opinion to that effect was no doubt inadvertent. The contradiction related to the credence to be given the witness with regard to the testimony upon which the commonwealth relied for conviction. It is equally as difficult to understand how the contradiction could be said to embody only the opinions or conclusions of Clark. But be that as it may, we find, on a review of the authorities in this state, at least two which take the opposite view to that expressed in the Denton case, and as they were not overruled by that opinion, the question is evidently still an open one. We

believe, for the reasons set out in the excerpt from Wigmore on Evidence, that the sounder view is that expressed in the Franklin and Shinkle cases, supra, and that the rule laid down in the Denton case should not be followed.

In the instant case, the excluded testimony was not offered to establish the facts of the homicide, but only to impeach the witness Johnson and to affect his credibility. It was not substantive in its character. Further, conceding that all three of the statements above set out were but conclusions and opinions of Johnson, yet each one of the three was based by implication on a fact or set of facts entirely inconsistent with the testimony given by Johnson as to how the killing took place. The average, ordinary, intelligent man, such as Johnson's examination showed him to be, would not say, if he were telling the truth, that the appellant had had to kill Lawson unless he based that statement on facts, giving to appellant the right of self-defense. The implied assumption of fact in such a statement is utterly inconsistent with the testimony Johnson gave at the trial. The appellant, then, had a right to introduce it to affect the credibility of Johnson. Its rejection was, under the facts of this case, prejudicial, and for that reason the judgment must be reversed, with instructions to grant the appellant a new trial in conformity with this opinion.