## Little v. Commonwealth.

(Decided February 2, 1932.)

248

WILLIAM BARRETT for appellant.

BAILEY P. WOOTTON, Attorney General, and FRANCIS M. BURKE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Noah Little and Oliver Rogers were joinly indicted for the crime of grand larceny. The indictment charged that the two defendants did unlawfully and feloniously take, steal, and carry away certain described personal property of the United Mining Development Company of the value of $85, with the fraudulent and felonious intent to deprive the owner thereof permanently and to convert it to their own use. Rogers entered a plea of guilty, and Little was put upon trial, resulting in a conviction and a sentence in the penitentiary for a term of five years. Little has prosecuted an appeal, contending that he was entitled to a peremptory instruction of not guilty and that the evidence was insufficient to sustain the verdict.

The commonwealth introduced Oliver Rogers as a witness against Little. He testified that he, together with Little and another man who was not indicted, stole the property in question and divided it among the three thieves. Since Rogers admittedly was an accomplice, it was essential that his testimony be corroborated. Criminal Code of Practice, sec. 241. The point is made that the corroboration was insufficient, and that is the main basis for both of the contentions advanced by the appellant. If the evidence in corroboration of the testimony of the accomplice was not sufficient, the appellant was entitled to an acquittal. Criminal Code of Practice, sec. 242. There was other evidence tending to show that several persons participated in the larceny, and that some of the stolen property of a value in excess of $20 was found in the possession of Little. The stolen prop-

erty, or practically all of it, was recovered from Little and Rogers. It is settled that the possession of some of the stolen property constitutes sufficient corroboration of the testimony of an accomplice to take the case to the jury. Wallace v. Com., 187 Ky. 775, 220 S. W. 1051; Frazier v. Com., 190 Ky. 196, 226 S. W. 1069.

The further point is made that there was no evidence to show that the property was taken without the consent of the owner, but we find no merit in that argument. The stolen property belonged to a corporation, and its agent in charge proceeded at once to recover the property. The inference instantly arises that the owner objected to its property being taken from its possession. There was nothing to indicate acquiescence, indifference, or consent of the owner, or its agent in control of the property, to its being stolen. On the contrary, the owner manifested positive objection, and the absence of consent could be inferred from its conduct at the time. It is plain that the testimony for the commonwealth made out a case for the jury. But it is argued that the testimony for the defendant completely overthrew the prima facie case made by the commonwealth. The defendant testified that he was not with Rogers when the offense was committed, and had no knowledge thereof. He explained his possession of the stolen property by saying that he had purchased the axe from Rogers, and that the other property in his possession had been left there temporarily. He did not know the property had been stolen, but supposed that it belonged to Rogers. He was corroborated as to the purchase of the axe from Rogers by his brother-in-law and two stepdaughters, all of whom testified that they were present and saw Rogers sell the axe to the appellant, and heard him request permission to leave the other property there for a short time.

It was shown by other witnesses that they had bought some of the stolen property from Rogers, and that Rogers had endeavored to persuade them to testify falsely on his behalf. The reputation of Rogers was admitted to be bad. One of the witnesses testified that Rogers endeavored to sell him some of the stolen property that was found in the possession of appellant. The evidence for the defendant tended strongly to prove his innocence. But the jury was the tribunal to try that issue, and it could accept the testimony for the commonwealth and reject that for the defendant. The credibility

of the witnesses is exclusively for the determination of the jury. Branham v. Com., 223 Ky. 233, 3 S. W. (2d) 629.

The testimony for the commonwealth was sufficient, if believed, to warrant the conviction. The cogency of its contradiction is addressed to the judgment of the jury. Perkins v. Com., 227 Ky. 129, 12 S. W. (2d) 297; Kidd v. Com., 229 Ky. 87, 16 S. W. (2d) 769.

In cases of this character, the verdict of the jury is conclusive upon the issue of fact. Lewis v. Com., 224 Ky. 502, 6 S. W. (2d) 502; Owens v. Com., 211 Ky. 151, 277 S. W. 304; Shepherd v. Com., 236 Ky. 290, 33 S. W. (2d) 4.

The judgment is affirmed.