# Lewis v. Commonwealth.

(Decided March 1, 1932.)

MAURICE D. BURTON and ALEXANDER M. CHANEY for appellant.

BAILEY P. WOOTTON, Attorney General, and M. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Arthur Lewis and Roosevelt Frazier were jointly indicted for stealing chickens of a value greater than $2, the property of Kate Coleman. Upon his separate trial Lewis was found guilty and his punishment fixed at confinement for one year in the penitentiary. He has prosecuted an appeal, relying upon several reasons for a reversal of the judgment.

A colored woman named Kate Coleman kept some chickens on her premises in Bowling Green, Ky. She discovered that five fowls were missing and reported the fact to police headquarters. Two officers proceeded at once to the home of Roosevelt Frazier, a colored man, whom they were prompted to suspect because of previous knowledge of his propensity for the possession of other people's chickens. They found Frazier and Arthur Lewis, another colored man, in the kitchen of Frazier's home engaged in dressing chickens. Eight chickens had been dressed and four more remained for

attention. Two of the four were of the kind lost by the colored woman. One of her lost chickens had a leg deformity which corresponded to a similar defect on a leg of one of the dressed chickens. She recognized three of the chickens as hers, and the circumstances suggested that the others were there also. Frazier told the officers, apparently in the presence of Lewis, that they were dressing a dozen chickens for a white man who had met them on the street and employed them for the purpose. He further stated that the white man was to come after the dressed chickens later that night. Frazier did not know the white man, he did not come for the chickens, and he has not been discovered. Lewis denied the statements made by Frazier and stated that the latter had requested him to assist in dressing the chickens and had agreed to pay him for his work. Frazier testified on the trial of Lewis that the latter came to his home and told him that he had been employed by a white man to dress the chickens for which he was to be paid $2. According to Frazier, Lewis had the chickens with him, and employed Frazier for $1 to assist in the work. Frazier testified that he did not know that the chickens were stolen. Lewis testified at the trial that he met Frazier upon the street and was hired to assist him in dressing the chickens, without any knowledge that the chickens were stolen property.

An objection was interposed to the testimony of the officers because they had no warrant for Frazier or search warrant for his premises when they came there uninvited and found Lewis and Frazier in possession of the chickens. It is now insisted that the visit was not lawful, and that the testimony concerning facts gained by such a fortuitous entry into the house was inadmissible against the appellant. The argument cannot avail, because the appellant, in any event, could not complain of a trespass upon the premises of Frazier. It has been pointed out in a number of cases that no one can complain of an illegal search of premises not his own, or not in his possession, and competent evidence, even though obtained by the unlawful search of the premises of another, is admissible against a defendant who may be incriminated thereby. Anderson v. Com., 204 Ky. 486, 264 S. W. 1087; Buchanan v. Com., 210 Ky. 364, 275 S. W. 878; Wax v. Com., 214 Ky. 480, 283 S. W. 430; Gilliland v. Com., 224 Ky. 453, 6 S. W. (2d) 467.

It is next insisted that Frazier was an accomplice, and that his testimony was not sufficiently corroborated to convict Lewis. But Lewis ;was in possession of some of the stolen property, and that fact constitutes sufficient corroboration of the testimony of an accomplice in a case of theft. Wallace v. Com., 187 Ky. 775, 220 S. W. 1051; Frazier v. Com., 190 Ky. 196, 226 S. W. 1069; Noah Little v. Com., 242 Ky. 247, 46 S. W. (2d) 97.

Finally it is argued that the identification of the stolen property was not sufficiently definite or certain to sustain the conviction. The circumstances must be considered. The five fowls were found missing at feeding time in the twilight. The owner proceeded to the police court for aid upon the assumption that the property had been stolen. The officers from past experience, and not by mere intuition, thought it timely to investigate conditions at the residence of Roosevelt Frazier. Lewis and Frazier were found there dressing a dozen chickens. One of the dressed chickens had a deformity which identified it as one of the stolen chickens, and the owner recognized as her own two more chickens which had not been denuded of their plumage. The culprits, caught in an embarrassing situation, gave an apparently false explanation to account for their possession of stolen property. The unknown and undiscovered person for whom they said they were dressing the chickens did not come forward to claim his property, or to pay for the wasted work of the credulous colored gentlemen. The explanation was so unusual and incredible as to suggest evasion and falsehood. We can readily see how the jury might believe that the explanation was lacking in candor, and smacked of hasty invention to soften the appearances of the situation. The circumstances and the identification by the owner were sufficient to convince the jury whose province it was to judge that question. Appellant refers to a statement in the opinion in the case of Mitchell v. Com., 240 Ky. 258, 42 S. W. (2d) 305, to the effect that the breed and color of ordinary chickens are too common without further identification to be considered as evidence sufficient to corroborate an accomplice and to sustain a conviction for crime. The decision as an authority must be considered on its facts, and the language employed in the opinion must be construed in the light of the circumstances to which it was addressed. The significance of an expression lies in the sources of fact that suggest it. In the Mitchell case there ;was no evidence

tending to connect the appellant with the larceny except the testimony of the alleged accomplice. The chickens stolen were Black Minorcas, Rhode Island Reds, and Plymouth Rocks. The theft was committed on two different occasions more than a month apart. Mitchell on one occasion had sold some chickens of similar breeds, but there was abundant evidence that he had raised those chickens, and there was nothing connecting him with the stolen chickens. Here the appellant did not claim to own the chickens, but simply denied that he had stolen them, or had any knowledge that they were stolen. The cited case is clearly not applicable to the case at bar. We think the evidence justified the jury in finding the appellant guilty, and since no error of law occurred at the trial, the verdict cannot be disturbed.

The judgment is affirmed.