## Combs et al. v. Commonwealth.

(Decided March 15, 1932.)

JOE HALL for appellants.

BAILEY P. WOOTTON, Attorney General and H. HAMILTON RICE, Assistant Attorney General, for Commonwealth.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The Cameo Coal Company on a certain night in January, 1931, was the owner of a storehouse in Letcher county, Ky., when it was broken into and a lot of merchandise was stolen therefrom. The appellants and Buster Hensley were indicted therefor, charged with the

crime of storehouse breaking. Hensley entered a plea of guilty and was awarded punishment by a jury. The appellants entered pleas of not guilty, and, on their trial, were convicted, and the punishment of each was by a jury fixed at confinement in the penitentiary for a period of five years. They appeal.

For reversal, they insist the evidence does not authorize the verdict of the jury; that the court permitted incompetent evidence to go to the jury and erred in his instructions to the jury.

A search warrant was obtained by the person in charge of the store of the Cameo Coal Company, which was executed by the sheriff. The search warrant directed the sheriff to search the house used and occupied by Wiley Combs as a residence. Wiley Combs was the father of the appellants. In the execution of the search warrant the building and premises described in it, at the time the warrant was executed, were used and occupied by Wiley Combs as a residence. The sheriff found merchandise in his residence, and also on, about, and near, the premises. The president of the Cameo Coal Company identified the articles found as the property of the company. Other witnesses identified the property in their possession which they claim they bought from one or the other of the appellants. This property was also identified by the president of the corporation as the property of the company. A taxi driver, on the night the store was broken into, conveyed the appellants and Hensley in his taxi to within a short distance of the store, when they directed him to stop and wait for them, which he claims he did. The appellants went away and shortly returned with sacks filled with something; they made a second trip and returned with something not at the time known to him. Thereafter he returned with the appellants and Buster Hensley to the home of Wiley Combs, where they unloaded the same articles. For the service of himself and taxi he was paid that night, by one of the appellants, a pair of pants of the value of $2.

Buster Hensley prior to the trial of the appellants made a written confession of his connection with the robbery of the Cameo Coal Company's store. His confession corroborated Dishman, the taxi driver, in every respect. The appellants and Buster Hensley in their testimony denied the appellants had any connection

with the breaking into the store and carrying away the property of the Cameo Coal Company. The father and mother of the appellants and others established an ideal alibi for the appellants, which completely exonerated them of all participation in the commission of the crime.

The evidence was conflicting, and it was a question for the jury to determine the guilt or innocence of the appellants. Cravens v. Com., 205 Ky. 738, 266 S. W. 625; Hall v. Com., 231 Ky. 473, 21 S. W. (2d) 799; Davis v. Com., 230 Ky. 589, 20 S. W. (2d) 455. The testimony of the accomplices, Hensley and Dishman, was abundantly corroborated.

> " 'Corroboration of an accomplice' means evidence other than, and independent of, the testimony of the accomplice, which tends to prove the existence of some fact which really connects the defendant with the commission of the offense charged in the indictment, and unless there is other evidence of that character, independent of the testimony of the accomplice, then there is no corroboration, and the defendant is entitled to a peremptory instruction. Schleeter v. Com., 218 Ky. 72, 290 S. W. 1075."

Mitchell v. Com., 240 Ky. 258, 42 S. W. (2d) 305, 306.

The immediate presence of the stolen property in the place of abode of the appellants, and the sale by them of a portion of the stolen articles, were sufficient corroboration of the accomplices. Cox v. Com., 9 S. W. 804, 10 Ky. Law Rep. 597; Short v. Com., 76 S. W. 11, 25 Ky. Law Rep. 451; Branson v. Com., 92 Ky. 330, 17 S. W. 1019; Anderson v. Com., 35 S. W. 542, 18 Ky. Law Rep. 99; Owens v. Com., 181 Ky. 257, 204 S. W. 162; Hutchcraft v. Com., 195 Ky. 591, 242 S. W. 580; Riggsby v. Com., 232 Ky. 226, 22 S. W. (2d) 624.

The appellants urge that the search warrant did not authorize the search of the premises of Wiley Combs, that the affidavit made for its issuance was insufficient to meet the requirements of section 10 of our Bill of Rights. The search warrant on its face is sufficient and valid. The commonwealth introduced it as a part of the testimony of the sheriff who executed it. On its introduction, being valid on its face, the burden shifted to the appellants to show that it was issued on an improper or insuf-

ficient affidavit. Kidd v. Com., 200 Ky. 356, 254 S. W. 1057. It is not shown by the bill of exceptions that the affidavit was produced during the progress of the trial. However, an order is found in the clerk's record showing that the affidavit upon which the search warrant was issued was filed in court, whether before, during, or after the trial does not appear. The property of neither of appellants was searched by the sheriff in the execution of the search warrant. The protection of the constitutional provision forbidding unlawful searches and seizures extends only to the owner or the person in possession of the searched premises or articles, and not to a third person who neither owns nor controls them. One cannot complain of an illegal search of the premises not his own, nor in his control and possession. Lakes v. Com., 200 Ky. 266, 254 S. W. 908; Duke v. Com., 201 Ky. 365, 256 S. W. 725; Anderson v. Com., 204 Ky. 486, 264 S. W. 1087; Ragland v. Com., 204 Ky. 598, 265 S. W. 15; Buchanan v. Com., 210 Ky. 364, 275 S. W. 878; Wax v. Com., 214 Ky. 480, 283 S. W. 430; Gilliland v. Com., 224 Ky. 453, 6 S. W. (2d) 467; Carter v. Com., 234 Ky. 695, 28 S. W. (2d) 976.

There is no merit in appellants' objection to the admission of the confession of Buster Hensley. For the appellants, he testified in detail, describing the trip, the breaking and entering into the store of the Cameo Coal Company, and the taking and carrying away therefrom the merchandise which was presented to the jury by the testimony of the commonwealth, but claimed that neither of the appellants accompanied him while so engaged. On his cross-examination his written confession was presented to him which he admitted he had made and signed. The reason he assigned for taking the witness stand in behalf of the appellants, and testifying to their absence at the time the crime charged was committed by him and another, was he had been given a five years' sentence in the penitentiary, "and that he did not want to see the boys get stuck."

His confession was planly admissible under sections 597 and 598, Civil Code of Practice, and the court properly instructed the jury directing it to consider the confession only for the purpose of affecting his credibility as a witness. Thomas v. Com., 195 Ky. 623, 243 S. W. 1; Crawford v. Com., 235 Ky. 368, 31 S. W. (2d) 618; Dowell v. Com., 237 Ky. 56, 34 S. W. (2d) 946; Bentley

v. Com., 200 Ky. 246, 254 S. W. 752; Mulligan v. Com., 202 Ky. 841, 261 S. W. 616.

The appellants complain of instruction No. 2. In form and substance it has been often approved by this court. The objection to it is based on the contention that neither of them is charged in the indictment with aiding and abetting each other or Buster Hensley in the commission of the crime charged in the indictment. The appellants and Buster Hensley were all charged with being principals in the commission of the crime. It was not necessary that the indictment also charge them with having aided and abetted in its commission. Canada v. Com., 242 Ky. 71, 45 S. W. (2d) 834; Webb v. Com., 220 Ky. 334, 295 S. W. 154.

Perceiving no error prejudicial to the substantial rights of the appellants, the judgment is affirmed.