## Taylor v. Commonwealth.

(Decided Feb. 24, 1933.)

LEEBERN ALLEN for appellant.

BAILEY P. WOOTTON, Attorney General, and FRANCIS M. BURKE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The grand jury of Powell county returned an indictment against Clint Taylor, Andrew Bush, Earl Taylor, O'Neal Taylor, James Taylor, and Scott Tay-

lor, charging them with a conspiracy to break and enter the storehouse of William Briscoe with intent to steal, and that, in pursuance of that conspiracy, they unlawfully and feloniously broke and entered the store. On his separate trial the appellant, Clint Taylor, was convicted and his punishment fixed at confinement in the state penitentiary for a period of five years.

The only grounds urged on this appeal for a reversal of the judgment are, (1) the trial court failed to give the whole law of the case, and (2) the verdict of the jury is not sustained by the evidence. Both of these grounds are bottomed on the theory that the testimony of the accomplice, Andrew Bush, was not corroborated, and appellant was entitled to a directed verdict in his favor. These grounds, therefore, will be considered together.

Section 241 of the Criminal Code of Practice requires that the testimony of the accomplice must be corroborated by other evidence tending to connect the defendant with the commission of the offense before a conviction can be had. Andrew Bush was introduced as a witness by the commonwealth and he testified that he had been living in appellant's home for several weeks before the Briscoe store was entered; that on the afternoon of June 4, 1932, he and his codefendants, including Clint Taylor, entered into an agreement to rob the store of William Briscoe which was located about 35 miles from appellant's home. Just before dark the witness, accompanied by Oval Taylor, a cousin of appellant, and appellant's three sons, Scott Taylor, James Taylor, and Earl Taylor, left appellant's home and went to Briscoe's store where they arrived some time after midnight. They broke into the store and stole a large quantity of merchandise consisting principally of coffee, lard, sugar, tobacco, flour, and dress goods. They returned to Clint Taylor's home with the stolen goods arriving there about an hour before daylight. Clint Taylor assisted them in carrying the goods into the house. He was not present when the store was broken into but Bush testified that he was a party to the agreement to break into the store and that he said, ''Boys be careful and get back before daylight so nobody won't see you.''

As soon as Briscoe discovered that his store had been entered he procured a search warrant and the

sheriff searched appellant's home. The stolen goods, which were identified by Briscoe, were found in Taylor's house. Some of the stolen articles were found in appellant's trunk. The trunk was locked and appellant had the key. He admitted that the goods had been brought to his house by Bush but denied any knowledge of the robbery.

The only question to be determined is whether, eliminating the testimony of the accomplice, there is any evidence tending to connect the appellant with the conspiracy charged in the indictment. It is conceded that all of the stolen property was found in his house and some of it in his immediate possession. We have held in a long line of decisions that possession of stolen goods by the accused was sufficient corroboration of the testimony of an accomplice under section 241 of the Criminal Code of Practice to authorize a conviction. Acree v. Commonwealth, 243 Ky. 216, 47 S. W. (2d) 1051; Combs v. Commonwealth, 242 Ky. 793, 47 S. W. (2d) 725; Lewis v. Commonwealth, 242 Ky. 628, 47 S. W. (2d) 66; Little v. Commonwealth, 242 Ky. 247, 46 S. W. (2d) 97; Riggsby v. Commonwealth, 232 Ky. 226, 22 S. W. (2d) 624, 626; Frazier v. Commonwealth, 190 Ky. 196, 226 S. W. 1069.

In Riggsby v. Commonwealth, Riggsby was accused of conspiracy with Fred Galloway and others for the purpose of feloniously breaking and entering a storehouse. An accomplice testified that Riggsby was a party to the conspiracy to commit the offense which was committed pursuant to the conspiracy. Some of the stolen goods were found in Riggsby's possession. Riggsby was convicted and one of the grounds relied upon by him for a reversal of the judgment was that the testimony of the accomplice was not corroborated so as to sustain the conviction under the provision of section 241 of the Criminal Code of Practice. In affirming the judgment the court said:

"There was evidence, independent of that given by the accomplice, to authorize the jury to find, as it evidently did, that defendant was guilty, either singly or jointly with his coconspirators, of breaking into the store, and which evidence was the proof by the Ohio witness that he possessed some of the sugar stolen from the store at the time it was broken into and which possession recently followed

the breaking. It has long been the law that the possession of stolen goods under such circumstances not only raised a presumption of the guilt of the possessor, but was sufficient to sustain a conviction."

The evidence in the instant case was amply sufficient to meet the requirements of the Code provision, supra, and the judgment is affirmed.