## Johnson v. Commonwealth.

(Decided April 25, 1922.)

### Appeal from Boyd Circuit Court.

1. Intoxicating Liquors—Evidence.—While the necessity of enforcing the law prohibiting the manufacture and sale of intoxicating liquors is fully recognized by the courts, such necessity cannot justify the conviction of a person charged with a violation thereof upon mere suspicion or conjecture. The guilt of the accused must be established by the evidence beyond a reasonable doubt, as in the case of other law violators

2. Intoxicating Liquors—Evidence—Peremptory Instruction.—As the evidence upon which the appellant was convicted in this case of having in his possession a still and equipment for the manufacture of whiskey, wholly failed to prove his ownership or possession of any such still or equipment, or his connection in any manner therewith, the failure of the trial court to sustain his motion for an instruction peremptorily directing a verdict of acquittal, entitles him to the reversal asked of the judgment of conviction.

J. F. STEWART for appellant.

CHAS. I. DAWSON, Attorney General, and THOMAS B. Mc-GREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellant, Floyd Johnson, was tried and convicted in the court below under an indictment charging him, Edna Johnson and Harrison Gilbert with the offense of unlawfully having in their possession a still and outfit for use in the illicit manufacture of moonshine whiskey. By verdict of the jury his punishment was fixed at a fine of $140.00 and confinement of forty days in jail. He was refused a new trial and has appealed.

Appellant's chief complaint urged as a ground for a new trial and also for the reversal of the judgment is, that the evidence of the Commonwealth not only failed to connect him with the offense charged, but that, together with that introduced in his behalf, it manifested his innocence of such offense, for which reason the trial court erred in refusing the peremptory instruction directing his acquittal, asked by him upon the Commonwealth's evidence, and, also, at the conclusion of all the evidence. We find from our consideration of the evidence that it fully supports this contention of the appellant. That of the Commonwealth was furnished by the testimony of Debard, sheriff of Boyd county, and Muller, his deputy; the former testifying that he discovered in the kitchen of Harrison Gilbert and his sister Edna Johnson, joint owners of the land on which they lived, a still and paraphernalia for making whiskey, which led to the arrest of appellant under the belief of the sheriff that he then lived at the place with his wife Edna Johnson and was a joint owner of the still, but that he later learned that appellant did not live there, but had several months previously separated from his wife whom he subsequently divorced. The deputy sheriff testified that he also discovered a still in a different locality near the house of a woman named Kirk, and that he, too, arrested appellant upon the supposition that he was living with the Kirk woman, which he later learned was untrue.

The appellant proved by several witnesses, among them Harrison Gilbert, that he owned no interest in and had no connection with the still found in his (Gilbert's) kitchen and that he was not then living with his former wife, Gilbert's sister, but had separated from her several months before the discovery of the still. Gilbert and other witnesses also testified that appellant was not living with the Kirk woman when or before the still was found on her place, but was then living with his father in another locality. None of the officers or witnesses claimed to have seen appellant at or near either of the stills, or to have heard of his having any connection with either of them.

All right thinking persons must concede the necessity of enforcing the law prohibiting the manufacture and sale of intoxicating liquors, but such necessity cannot justify the conviction of those charged with the viola-

tion of such laws upon mere suspicion as was done in this case. The guilt of the offender must be established by the evidence beyond a reasonable doubt, as in the case of other law violators. Guilt may be shown by circumstantial evidence sufficient to destroy every reasonable hypothesis of innocence, but it can not be established upon mere suspicion or conjecture. Hence it follows that the appellant's conviction in this case was unauthorized by the evidence, for which reason he was entitled to the directed verdict of acquittal requested by him. This conclusion makes it unnecessary for us to pass on other errors assigned for reversal. Judgment reversed and cause remanded for a new trial and other proceedings not inconsistent with the opinion.