## William Binion and Leonard Binion v. Commonwealth.

(Decided June 9, 1922.)

### Appeal from Carter Circuit Court.

1. Criminal Law—Circumstantial Evidence.—Convictions for violations of the criminal laws can be sustained by circumstantial evidence alone, but the circumstances must be such as form a rational basis for belief in the guilt of the accused.
2. Criminal Law—Evidence.—Evidence examined and held to be insufficient to authorize a judgment of conviction.

DAVIS M. HOWERTON and G. W. E. WOLFORD for appellants.

CHAS. I. DAWSON, Attorney General, THOMAS B. McGREGOR, Assistant Attorney General, and THOS. S. YATES for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

This is an appeal from a judgment of conviction against William Binion and Leonard Binion, who were charged in the Carter circuit court with the offense of unlawfully operating a moonshine still. They were jointly indicted with Lewis Dean, who was also convicted, each of the defendants being given a jail sentence of thirty

days and adjudged to pay a fine of $300.00. Dean has not appealed but appellants are asking a reversal of the judgment as to them on several grounds elaborately argued in their briefs.

In view of the conclusion that we have reached it will be necessary to consider only one of the errors alleged, that of the refusal of the trial court to direct the jury to return a verdict of acquittal at the conclusion of the Commonwealth's evidence. Three witnesses were introduced for the Commonwealth, all of whom were officers of Carter county. The substance of their testimony is that in February, 1921, they went to a place close to the residence of Lewis Dean and there found a furnace in a creek bottom, with a path leading across the bottom close by a field that had been cultivated in corn the summer before to a cliff, where they found a tub with some sweet mash and also evidence of wood having been recently cut. Their testimony shows that there was sufficient equipment at the place to operate a still. Appellants resided within a few hundred yards of the place, but they were never seen about the still and there is no evidence whatever to show that they ever operated or assisted in operating it or that they had any interest in or connection with it. There is some evidence to the effect that they had passed close to it on one or two occasions when they were fox hunting, but no one intimated that they ever saw it or had anything to do with it.

It is insisted for the Commonwealth that the circumstances, thus briefly related, were sufficient to take the case to the jury, under the rule in this state that convictions for violations of the criminal laws, and especially those relating to illicit traffic in liquor, can be sustained upon circumstantial evidence alone. (King v. Commonwealth, 143 Ky. 127; Peters v. Commonwealth, 154 Ky. 689; Mobley v. Commonwealth, 190 Ky. 424; Bowling v. Commonwealth, 193 Ky. 647.) It has often been decided that convictions can be sustained upon such evidence, but in every case in which the rule has been applied the circumstances shown to exist have been of such force as reasonably excluded the hypothesis of the defendant's innocence; or in other words the evidence, though slight, formed a rational basis for belief in the guilt of the accused. That case is not presented here, for there is not a scintilla of evidence tending to connect appellants with the operation of the illicit still discovered by the prosecuting witnesses, nor is there a circumstance

from which it can be reasonably inferred that they were guilty of operating it. However desirable it is to punish infractions against the criminal laws of the state there must be some evidence to justify a conviction. A suspected violator of the law cannot be convicted upon suspicion alone. The most that can be said for the evidence in this case is that it creates a suspicion as to the guilt of the defendants, but that is not enough to warrant a judgment of conviction. It was, therefore, error to refuse an instruction directing an acquittal at the conclusion of the Commonwealth's evidence.

The judgment in each case is reversed.