## Sumner v. Commonwealth.

(Decided February 9, 1923.)

## Appeal from Whitley Circuit Court.

1. Indictment and Information—Defects—Waiver.—A defect in an indictment cannot be raised for the first time on appeal to this court, but will be treated as waived if the accused filed no demurrer to the indictment nor made any motion calling the lower court's attention to the defect.

2. Intoxicating Liquors—Moonshine Still—Evidence.—On a charge accusing the defendant with unlawfully having in his possession an illicit or moonshine still, the evidence is examined and held sufficient to support the verdict of guilty.

B. B. SNYDER and J. B. SNYDER for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

Ishom Sumner was indicted and tried in Whitley county for unlawfully owning and having in his possession a moonshine still. He was adjudged to pay a fine of $300.00 and sentenced to confinement in the county jail for thirty days.

Two of the errors assigned for a reversal of the judgment are: The indictment is demurrable in that it charges the accused with the commission of two offenses, and the Commonwealth should have been required to elect which of the two charges it would prosecute. Whether these objections are well taken we need not decide as it is not shown in the record that defendant demurred to the indictment or made any motion to require an election. It follows, under Estes v. Commonwealth, 194 Ky. 478, and Lyttle v. Commonwealth, 195 Ky. 729, that neither of the questions is presented on this appeal.

The only other contention is that the verdict of the jury is not supported by the evidence. The evidence for the Commonwealth shows that two young men, living in the neighborhood where defendant resided, discovered an illicit still in full operation near defendant's house. They saw three men at the still, two of whom the witnesses did not recognize, but they did recognize defendant, who was within fifteen or twenty feet of them on a

hillside near the still and appeared to be scratching in the leaves. None of the parties said anything, and the two boys left and went into Williamsburg and reported the finding of the still. That night it was taken by the county officers. The Commonwealth also proved that Oscar Estes had a conversation with defendant while the latter was confined in the county jail at Williamsburg, in which defendant stated that he owned and had employed a man to operate an illicit still in the vicinity where the one in question was discovered. Defendant denied having the conversation with Estes and also denied having any interest in or connection with the still. It is contended that Estes was an accomplice and his testimony was incompetent, but obviously that contention is unsound because it is not shown that he had any interest in the still or ever participated in its operation.

Counsel contend that the evidence introduced by the Commonwealth is not sufficient to sustain the verdict of the jury. They rely on Johnson v. Commonwealth, 194 Ky. 568, and Binion v. Commonwealth, 195 Ky. 217. In neither of those cases was there any evidence from which it could be reasonably inferred that the accused was guilty of the offense charged. That, however, is not the case here, for the circumstances detailed by the two witnesses who saw defendant at the still, together with the testimony of the witness Estes, afford a rational basis for the verdict. Mobley v. Commonwealth, 190 Ky. 424; Brent v. Commonwealth, 194 Ky. 504.

The judgment is affirmed.