**Jesse PENNINGTON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 1, 1963.

Lewis & Weaver, London, John M. Lyttle, Manchester, for appellant.

John B. Breckinridge, Atty. Gen., Joe Nagle, Asst. Atty. Gen., Robert T. Caldwell, Jr., Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

By verdict and judgment of the Jackson Circuit Court Jesse Pennington was convicted of the crime of murder and was sen-

tenced to confinement in the penitentiary for life. KRS 435.010. He appeals.

The lifeless body of Kenneth Gabbard was found in Leger Creek in Jackson County during the morning of October 21, 1961. An examination of the body at that time disclosed that Gabbard had sustained bruises and superficial lacerations about the head, shoulders and hands. The following day an autopsy was performed and the pathologist found that the kidneys were torn apart, there was a severe hemorrhage in the neck and the hyoid bone was broken. The pathologist attributed the cause of death solely to the combination of the hemorrhage in the neck and the fracture of the hyoid bone which he believed to have been caused either by a blow to the area of the neck or by manual strangulation.

The officers who conducted an investigation testified that they went to the home of Odessa Cavins, located approximately a quarter of a mile from the place where the body was found, and discovered a trail of blood drops leading from her home to a nearby barn and from there to a large pool of blood situated about ⅒ of a mile from where the body was located.

In addition to these facts the Commonwealth relies principally upon the testimony of Carson Shepard and his wife, Patsy, Odessa Cavins and her son, Larry, to sustain the conviction. The testimony of Carson and Patsy Shepard was substantially the same. Their testimony discloses that Gabbard, a neighbor and friend, was visiting them when Pennington came to their home during the early part of the evening of October 20, 1961. After they had a few drinks of whiskey they all went to the home of Odessa Cavins where they consumed more whiskey. During the progress of this drinking party, Shepard, upon being informed by his wife that Gabbard had been "making passes" at her, told Pennington that there was going to be trouble. Shepard then accused Gabbard of improper conduct toward his wife. Gabbard denied the accusation, and thereupon Pennington held Gabbard by the throat for a few seconds and slapped him. Gabbard and Shepard renewed their argument which resulted in Shepard's striking Gabbard with his fist. Gabbard continued to assert his innocence and when he called Patsy a liar she punched him on the nose, causing it to bleed. Odessa Cavins and her son, Larry, who were the only other witnesses the Commonwealth introduced to describe the events which took place at the Cavins home, testified that, during an argument between Patsy and Gabbard, Patsy mashed Gabbard's nose and that they did not see anyone else strike him. The evidence further reveals that Gabbard left the Cavins home at approximately 10:-00 p. m. and that the last time he was seen that night he was walking alone in the direction of his home.

We are of the opinion that there is not sufficient evidence to sustain the verdict. The testimony of the Shepards merely shows that Pennington held Gabbard momentarily by the throat and slapped him. It was not established that Gabbard was seriously injured thereby or that such mistreatment could have resulted in his death. Moreover, it was shown that thereafter Gabbard became involved in an altercation with the Shepards and was subsequently seen walking alone in the direction of his home. When his body was found the next day about ¼ mile from the Cavins home, he had sustained serious bodily injuries which were not accounted for by the Commonwealth's evidence. Since we have concluded that there was no evidence of probative value tending to show that an act of Pennington caused Gabbard's death or that he aided or abetted in the commission of the homicide, the trial court erred in overruling the motion for a directed verdict of acquittal. See, Warnell v. Commonwealth, Ky., 246 S.W.2d 144; Hendrickson v. Commonwealth, 314 Ky. 464, 235 S.W.2d 981; Drake v. Commonwealth, 264 Ky. 261, 94 S.W.2d 684; Commonwealth v. Cozine, 9 S.W. 289, 10 Ky.Law Rep. 412.

In view of the reversal of the judgment, we will not discuss the other questions.

raised herein. The evidence presented on a new trial may be different. However, all questions not decided are expressly reserved.

The judgment is reversed, with directions to grant appellant a new trial.