## Layer v. Commonwealth.

(Decided September 26, 1924.)

### Appeal from Jefferson Circuit Court (Criminal Branch).

Intoxicating Liquors—Evidence Held Insufficient to Sustain Conviction for Unlawful Possession.—Evidence that liquor was found on adjoining premises, that there was pathway leading from defendant's premises to place where liquor was found, and that defendant's reputation for observing liquor laws was bad, held insufficient to sustain conviction for unlawful possession.

E. R. OGDEN for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Appellant was found guilty of having intoxicating liquor in his possession, and his punishment fixed at a fine of $100.00 and 30 days in jail.

Appellant was the proprietor of a soft drink stand situated at the corner of Frankfort avenue and Cannon lane, in or near Louisville, Kentucky. These premises he leased from one Peter Geutig. Adjoining the premises occupied by appellant was a lot belonging to one T. L. Block, and upon which there was a small frame building. These premises, it is claimed, were leased to and occupied by a man whose name does not appear of record, but who is commonly referred to as "Red" or "the red-headed man." On the 15th of September, 1923, two search warrants were issued by Justice Nisbet, of Jefferson county, one for the premises occupied by appellant, Layer, the other for the adjoining premises occupied by the red-headed man, who was described in the warrant as "a party unknown." When appellant was tried for having intoxicating liquor in his possession, the officers who made the search under these warrants testified that they found no intoxicating liquor upon the premises occupied by appellant, but that they did find five gallons of moonshine whiskey in this frame building that was situated on the adjoining lot, and that they also found in this frame building 300 bottles of home brew, this home brew being in some sort of cooler or ice box. These officers testified

that they were acquainted with appellant's reputation, and that he was reputed to be a bootlegger among those with whom he lived and who knew him best. They further testified that there was a path leading from the back door of appellant's soft drink stand to this frame building wherein the whiskey and home brew were found; that there was a high board fence between the two properties, but that there was a gate in this fence, and that by means of the gate and the path, parties could pass from appellant's soft drink stand to this frame building on the adjoining premises. The evidence of these officers also showed that there was a toilet at or near this fence and near this gate, and it is just as reasonable to believe that this pathway was made by the public going to and from this toilet as it is to believe that it was made in carrying liquor to. and from the frame building on the adjoining premises. Granting that the path was made by parties carrying intoxicating liquor back and forth between appellant's soft drink stand and this frame building, there is no evidence in the record showing that appellant was ever in possession of any of this liquor. From the record it appears to us that he was convicted solely because liquor was found on the adjoining premises, a pathway. was found leading from his premises to the place where the liquor was found, and his reputation for observing the laws against the possession, use and sale of intoxicating liquor was shown to be bad.

At the conclusion of the Commonwealth's evidence, the appellant moved the court for a peremptory instruction. This should have been given. Therefore, the judgment is reversed and this cause remanded for further proceedings consistent with this opinion.