## Buchanan v. Commonwealth.

(Decided October 2, 1925.)

### Appeal from Harlan Circuit Court.

1. Criminal Law—Where Search Warrant Under which Sheriff Acted had Been Lost and Could Not be Procured at Time of Prosecution for Unlawful Possession of Intoxicating Liquor, Parol Evidence of its Contents was Properly Admitted.—Where search warrant under which sheriff acted had been lost, and could not be produced at time of prosecution for unlawful possession of intoxicating liquor, parol evidence of its contents was properly admitted.

2. Searches and Seizures—Defendant Cannot Complain of Unlawful Search of Premises Owned by Him in Possession of Another.— Defendant may not complain of unlawful search of premises owned by him, but in possession of another under lease, by which liquor unlawfully possessed is disclosed.

3. Intoxicating Liquors—Evidence Held to Sustain Conviction for Unlawful Possession.—Evidence held to sustain conviction for unlawful possession of intoxicating liquor.

LYTTLE & MORGAN and D. Y. LYTTLE for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, W. B. Buchanan, was proceeded against by warrant, issued by the county judge of Harlan county, charging him with the offense of unlawfully having in his possession intoxicating liquor. He was convicted at his trial before that officer and appealed to the Harlan circuit court, where he was again convicted,

and complaining of the latter judgment he prosecutes this appeal. The only grounds urged for reversal are (1) that the court erred in admitting the testimony of the sheriff, as to the finding of the liquor, because the search of that officer and in which he made his discoveries to which he testified was illegal and unauthorized, and (2) that the verdict is not sustained by the evidence. In disposing of ground (1) it might first be said that there are two copies of the motion for a new trial appearing in the transcript of the record, and in one of them no complaint whatever is made about the admission or rejection of testimony, but in the other one that ground does appear. Regardless of what is the true rule as to our duty in such cases we have concluded to treat the last motion referred to as the true one and to dispose of the case as though the incompetency of the complained of testimony was properly presented.

It was proven that the sheriff had a search warrant when he found the four one-half gallon fruit jars of moonshine liquor, with which the defendant is charged with possesing; but the warrant was lost and could not be found, and under former rulings of this court parol proof of its contents was properly admitted, and it showed that the warrant directed the officer to search the dwelling house and surrounding outbuildings of W. B. Buchanan. However, the buried liquor was found on an adjoining lot to defendant's resident premises and it was buried under a house on that lot which he owned but rented to others as a boarding house. It may be that the description of the premises to be searched contained in the warrant, as so proven, was not broad enough to include adjoining premises occupied by others though owned by defendant. But we need not discuss or determine that question, since if the finding of the liquor on the premises and possession of another than the defendant, though without a search warrant, will not render the testimony incompetent against one who did not possess the searched premises. This because the constitutional protection against unreasonable searches and seizures is directed to the protecting of the defendant's premises and possessions from such searches, and he cannot object to a wrongful search of another's premises or possessions. One of the latest cases so holding is that of Anderson v. Commonwealth, 204 Ky. 486; and there are others preceding it. The court, therefore, did not err in overruling objections to the testimony of the sheriff, or in overrul-

ing the motion to exclude his testimony and ground (1) must be overruled.

The proof for the Commonwealth established that the first floor of the boarding house, under which the whiskey was found by the sheriff and which was owned by defendant though rented to another, was considerably elevated above the ground. A witness (Mrs. Nola Birchfield), introduced by the Commonwealth, testified that one morning about eight o'clock from her front porch, which was on an adjoining lot to the boarding house, she saw defendant dig a hole under that house and place therein four one-half gallon fruit jars, but what they contained, if anything, she could not tell. Shortly thereafter the sheriff searched under the boarding house and found the four one-half gallon fruit jars containing liquor as hereinbefore stated. Defendant denied any connection with the liquor and proved by a colored witness, who worked at the boarding house as a porter, that he buried the whiskey at that place and at about the same time to which Mrs. Burchfield testified. Defendant's bad reputation for trafficking in intoxicating liquor was proven, and it will, therefore, be seen that ground (2), relied on for a reversal cannot be sustained, since to do so would require us to wholly disregard the testimony of Mrs. Birchfield, whose reputation for truth and veracity is not questioned and who is not shown by the record to have any interest or possess any bias in the case. Neither the practice in this or any other jurisdiction authorizes either us or the jury to do so.

Finding no error justifying our interference with the judgment, it is accordingly affirmed.