## Vogler v. Commonwealth.

(Decided Oct. 2, 1934.)

GUY H. BRIGGS for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

On an indictment charging him with the breaking and entering a storehouse of A. L. Coleman with the felonious intent to take, steal, and carry away therefrom articles and property of value, etc., Edmund Vogler has been convicted and his punishment fixed at imprisonment for one year.

By this appeal he is seeking a reversal on the ground that the verdict is not sustained by the evidence. No question is made concerning the sufficiency of the indictment nor the evidence that the store was broken and entered by some person. It is only argued that the evidence is not sufficient to establish the guilt of accused.

Some one broke and entered the store on the night of August 30, 1933, and took therefrom $1,200 or $1,400 worth of cigarettes. Mr. Herndon, an employee or business associate of Coleman, obtained information that led him to suspect that some of the stolen goods was stored in property occupied by Bertie Terrell. He made an affidavit and caused a warrant to be issued authorizing a search of Terrell's property. Officers who executed the warrant found a number of cases of cigarettes at the Terrell place. Some of these packages bore the name of A. L. Coleman and certain numbers and marking which it is testified would identify them as cigarettes from the Coleman store. Terrell testified that late in the night of August 30, 1933, appellant came to his place of business, aroused him, and proposed to sell him some cigarettes; that he agreed to buy them at the price asked, and appellant delivered them to him. The officers testified as to making the search and finding the cigarettes. Appellant testified that he did not break or enter the store and gave a detailed statement as to his whereabouts on the night on which the crime was committed. His evidence to establish his whereabouts is corroborated by the evidence of his mother, other members of his family, and some friends.

Question is made concerning the competency of the evidence concerning the search of the premises and finding the cigarettes because of the invalidity of the search warrant or the affidavit upon which it was issued. Appellant is not in position to raise that question, since one may not complain of an illegal search of premises not his own. Buchanan v. Commonwealth, 210 Ky. 364, 275 S. W. 878; Wax v. Commonwealth, 214 Ky. 480, 283

S. W. 430; Anderson v. Commonwealth, 204 Ky. 486,. 264 S. W. 1087.

Wholly apart, however, from the evidence revealed by the search warrant, Terrell testified that he agreed to purchase the cigarettes from appellant, who delivered them to him, and in the proven circumstances he was not an accomplice of appellant. Grady v. Commonwealth, 237 Ky. 156, 35 S. W. (2d) 12.

Since the evidence complained of is competent and was properly admitted by the court, it only remains to be determined whether there was sufficient evidence to take the case to the jury and support the verdict. While it is true that Terrell has been convicted of receiving stolen property in connection with this transaction, the evidence clearly indicates that, if he received the cigarettes in the circumstances indicated by his evidence, he must have known they were stolen. Apart from his evidence there is nothing to connect appellant with the commission of the crime. There was sufficient evidence to warrant the action of the jury if they believed the statements of Terrell. The jurors saw and heard appellant, Terrell, and other witnesses who testified in the case, and it was for them and not for the court to determine the credibility of the witnesses or the weight to be given their evidence, since this is a matter exclusively within the province of the jury, and this court is not authorized to interfere unless it appears that the verdict is palpably and flagrantly against the evidence. Notwithstanding the ill repute in which the witness Terrell may be placed by the proven facts, including his own admissions, the evidence for the commonwealth is not so overborne by that for appellant as to render the verdict palpably and flagrantly against the evidence.

Judgment affirmed.