# Hunt v. Commonwealth.

(Decided Feb. 19, 1935.)

E. J. PICKLESIMER for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MURPHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Reversing.

Freeland Hunt, Randolph McCoy, and Tom Hampton were jointly indicted for the crime of grand larceny; it being charged that they stole nine chickens of the value of $9, the personal property of Heenon Maynard. On his separate trial Freeland Hunt was convicted, and his punishment fixed at one year's imprisonment. He appeals.

The evidence for the commonwealth is as follows: Heenon Maynard, who lived on Brushy creek, was away from home for two days. When he came back, eight or nine chickens were gone. Chickens were selling for 50 cents a piece at that time. He did not lose any white

chickens. He afterwards found a yellow chicken at John Curry's which he believed was his. It had been three weeks since he had counted his chickens, and he did not know what had become of them. John Curry testified that one night in the fall there were some parties who passed his house on horseback, two being on one horse and one on the other. On the same night his dog went. He afterwards found the dog at Alex Mulkey's in West Williamson, W. Va., and Mulkey told him that appellant brought him there. Arnold Taylor testified that he met appellant, Randolph McCoy, and Tom Hampton going up Brushy creek after midnight, and they were traveling on two horses. They were going toward Williamson and had some chickens with them. The chickens he noticed were white. John Curry's dog was with them. They were about three miles from Heenon Maynard's house and about ten miles from Williamson.

To sustain the charge, it was necessary for the commonwealth to prove that chickens belonging to Heenon Maynard were stolen, and that appellant was the perpetrator of the crime. Even if it be conceded that the disappearance of certain chickens from the home of Heenon Maynard was sufficient to show that they were stolen, that is as far as the case goes. The chickens which Arnold Taylor saw in the possession of appellant and his companions were all white, and Maynard never lost any white chickens. It is clear, therefore, that the evidence falls short of showing that appellant stole any chickens belonging to Maynard, and that his motion for a directed verdict should have been sustained.

Complaint is made of the admission of Squire Curry's evidence to the effect that his dog followed after certain parties who were on horseback, and that he subsequently found his dog at the home of Alex Mulkey, who told him that appellant brought the dog there. In the first place, what Alex Mulkey told the witness was pure hearsay, and therefore inadmissible for any purpose. In the next place, all the evidence concerning the dog merely tended to show that appellant stole the dog and was therefore guilty of another offense. As the evidence did not tend to establish the identity, criminal knowledge, intent, or motive of the accused, or to show a plan or system of criminal action, but related to a separate and distinct offense which was not perpetrated to conceal or enable the accused to

commit the offense charged, it follows that the evidence complained of should not have been admitted. Bullington v. Commonwealth, 193 Ky. 529, 236 S. W. 961.

The indictment is attacked on the ground that the names of the witnesses who were examined by the grand jury were not written at the foot of or on the indictment as required by section 120, Cr. Code of Prac. In reply to this contention, it is sufficient to say that the objection to the indictment on that ground must be made by motion to quash or set aside the indictment as provided in section 157, Cr. Code Prac., and, as no such motion was made, the right to object was waived. Ridings v. Commonwealth, 245 Ky. 22, 53 S. W. (2d) 190.

Judgment reversed, and cause remanded for a new trial not inconsistent with this opinion.