## Moore v. Commonwealth.
(Decided Jan. 17, 1936.)

CASS L. WALKER and FRED HUME for appellant.

BAILEY P. WOOTTON, Attorney General, and WM. A. SHUMATE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Reversing.

Arnold Moore appeals from a two-year sentence for chicken stealing.

The only question we need consider is whether the evidence of appellant's guilt was sufficient to take the case to the jury.

Appellant was indicted jointly with Bill Fugate and Lloyd Barnes. According to the evidence for the commonwealth, some chickens were stolen from A. B. Utley, who lives in Providence, on the night of December 19, 1934. The next day the chickens were found on the premises of Bill Fugate and recovered by a search warrant. Mrs. Ural Utley, sister-in-law of Mrs. A. B. Utley, saw three men standing in the roadway near the fence inclosing the chickens on the afternoon before the chickens were stolen. She recognized two of the men as being Lloyd Barnes and Bill Fugate, and the other had the appearance of appellant, though she was not positive. On the afternoon before the theft Dan Blackwell saw appellant, Fugate, and Barnes go down the road toward Ruckman mine, step into the bushes near the Utley barn, and come back to the intersection of the street with Union street in about five minutes. Whereupon Moore went down Union street, and the other two, Barnes and Fugate, toward Ruckman Switch. He remarked at the time that he supposed they were taking another drink. J. W. Hughes, chief of police, executed the search warrant and discovered the chickens. About 7 p. m. on the same day he and the deputy marshal went to the Fugate home. Barnes and Fugate were there, but not Moore. Barnes admitted that he stole the chickens, and that no other person had anything to do with it. About 8:30 p. m. on the night of the theft, Roy Simpson saw all three of the accused going through town toward the home of Fugate, and also the home of Utley, and they were all more or less intoxicated. On the other hand, appellant, though admitting that he was with Fugate and Barnes during the afternoon and night of the theft, testified that he had nothing whatever to do with the theft. Fugate testified to the same effect, and Barnes went on the stand, admitted the theft, and said that the others had nothing to do with it. Appellant was not shown to have had possession of the stolen chickens, nor was there any direct evidence connecting him with the crime. All that we have against him is the fact that he was seen in com-

pany with Fugate and Barnes during the afternoon and evening of the crime. This evidence is not sufficient to establish appellant's guilt with reasonable certainty. All that it does is to create a suspicion of guilt, and where that is the case a verdict of acquittal should be directed. Meyers v. Commonwealth, 194 Ky. 523, 240 S. W. 71; Hunt v. Commonwealth, 258 Ky. 18, 79 S. W. (2d) 357.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.