### LORMAN v. COMMONWEALTH.

Court of Appeals of Kentucky.

June 11, 1954.

Calvert C. Little, London, for appellant.

J. D. Buckman, Jr., Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MILLIKEN, Justice.

The appellant was convicted of the illegal possession of liquor in dry territory, fined $50, and sentenced to thirty days in jail. No direct evidence was presented at the trial, and the appellant was convicted on circumstantial evidence alone, about which this court has said:

"* * * circumstantial evidence to sustain a conviction must be so unequivocal and incriminating as to exclude every reasonable hypothesis of innocence * * *" and "* * * circumstantial evidence as reasonably consistent with innocence as with guilt is insufficient to sustain conviction." Abrams v. Com., Ky., 243 S.W.2d 902, 904.

In accordance with a warrant, the sheriff and two deputies searched appellant's home and premises and found several empty legal liquor bottles (pints and half-pints) which the appellant claims his little boys had collected to use in a garden they were making. One of the deputies said there was a little whisky in one of the bottles and a couple of the other bottles smelled like moonshine, but the sheriff and the other deputy denied that. There was the usual evidence that the appellant's reputation as to having illegal liquor in his possession was bad. During the search the sheriff went across the road and found six half-gallons of moonshine hidden under some leaves in a wooded thicket. These jugs were not on appellant's property, but were on the property of another person across the road from his house, some 200 feet and some 300 feet from it. The only thing that connected appellant with the moonshine at all was the fact that the path leading to the liquor was directly across the road from his home. However, there is evidence that this path forked and lead to other houses "over the hill," that the path was used by many people, and other houses were as close to the hidden whisky as was the appellant's. The jury visited the site.

It may be that this was appellant's whisky, yet any number of other persons could have put it there, and could have done so without appellant's knowledge because he could not even see this spot in his neighbor's thicket from his home.

The fact situation in this instance is very similar to that in Layer v. Com., 204 Ky. 510, 264 S.W. 1097, 1098, wherein the court said:

"From the record it appears to us that he was convicted solely because liquor was found on the adjoining premises, a pathway was found leading from his premises (from his back door) to the place where the liquor was found, and his reputation for observing the laws against the possession, use, and sale of intoxicating liquors was shown to be bad.

"At the conclusion of the commonwealth's evidence, the appellant moved the court for a peremptory instruction. This should have been given."

We conclude that the evidence adduced to support the conviction is not so free of reasonable doubt as to meet the standard of evidence required for conviction by the Criminal Code of Practice, § 238.

The judgment is reversed.