772

Dan McBRIDE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 20, 1955.

Joseph J. Grace, Richard R. Bryan, Paducah, for appellant.

J. D. Buckman, Jr., Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MORRIS, Commissioner.

This appeal is prosecuted from a judgment sentencing appellant, Dan McBride, to the penitentiary for one year for a third violation of the local option law. KRS 242.230, 242.990. Appellant's sole ground for reversal is the court should have sustained his motion for a directed verdict because the Commonwealth failed to prove appellant's possession of some liquor found in an old house located on a lot immediately adjoining the home in which he resided.

The chief witnesses for the Commonwealth were Charles Carroll and Robert McCready, city policemen of Benton. Carroll described the old building as having no doors or windows, "just boxed up; it used to be a dwelling house, the partitions are all out, it's just one room."

McBride lives in a house 25 or 30 feet south of the old building and there was a path leading from his home to it. On cross-examination the officer stated there were other paths leading to the old building, one at the back and one from the road going to the creek. McBride stated there was a 5-foot wire fence between his home and the old building; that his boy and his neighbors' boys "played out there all the time," and the building was commonly used as a restroom, and belonged to a Mr. Green of Mayfield.

Officer Carroll testified that on a Sunday in January 1954, he saw a car parked in front of appellant's home; in a few minutes he saw John McLeod and Homer Joyce come out of the old building and the two got in the car and left. The officer stated he continued to watch the old building and appellant came out "pretty full, and I asked what was going on in the building and he said, 'we were having a nature call in there'. I said, 'I have one too' and he told me to go behind the building, and I said, 'No, how about going in the building'."

Appellant testified that Carroll said he had to go to the restroom and "I said mine is outside and he can go out there or in the old house and me and him walked in the old house together." Officer Carroll testified that while he and McBride were in the old house he saw some pasteboard over a place in the floor and he put his foot on it and found the liquor under it. There was some proof indicating that McBride made efforts to get the officer away from the building.

The Commonwealth conceded the evidence did not directly connect appellant with the ownership of the whiskey but contends the facts and circumstances are sufficient to warrant a conviction on circumstantial evidence. It argues this old building had not been abandoned but was a part of and belonged to the premises which appellant rented. However, not a single witness testified the building belonged to the owner of the house where appellant resided. That the building was

abandoned seemed clear from Carroll's description of it, as well as from other proof, and we find no evidence which would lead to a conclusion that it was a part of the McBride premises. Proof of ownership or rental by McBride, if it was essential, was not offered by the Commonwealth. The officer who executed the warrant said it was for a search of "Dan Mc-Bride's property and that adjoining his property on the north."

In the recent case of Lorman v. Commonwealth, Ky., 269 S.W.2d 243, we reaffirmed the rule to be followed in cases where circumstantial evidence is relied upon for conviction in liquor cases. There, six gallons of "moonshine" were found on the land of another person across the road from Lorman's house. The thing which tended to connect Lorman with that liquor was the fact a path leading to the liquor was directly across the road from his house. However, there was evidence this path forked and led to other houses over the hill and the path was used by many people; that other houses were as close to the hidden whiskey as was appellant's.

In the Lorman opinion we quoted from Abrams v. Commonwealth, Ky., 243 S.W. 2d 902, to the effect that to sustain a conviction on circumstantial evidence it must be so incriminating as to exclude every reasonable hypothesis of innocence. Furthermore, we there said that circumstantial evidence as reasonably consistent with innocence as with guilt will not sustain a conviction. In the Lorman opinion we also quoted from Layer v. Commonwealth, 204 Ky. 510, 264 S.W. 1097, to the effect that one could not be convicted of a liquor violation solely because liquor was found on adjoining premises with a pathway leading from defendant's premises, even though his reputation for liquor violations was bad, as was appellant's reputation here.

The evidence in the case at bar, like that in the Layer case, falls far short of being so unequivocal and incriminating as to exclude every reasonable hypothesis of innocence and does not show appellant's guilt beyond a reasonable doubt as is required by § 238 of the Criminal Code of Practice. Hence the court was in error in overruling his motion for a directed verdict.

The judgment is reversed with directions that if the evidence is substantially the same in the event of another trial, the court will direct the verdict in favor of appellant.