**Homer POWELL, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 23, 1955.

J. B. Campbell, Barbourville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

SIMS, Judge.

Appellant, Homer Powell, was convicted of the offense of possessing intoxicating beverages in local option territory for the purpose of sale. His punishment was fixed at a fine of $50 and confinement in jail for 30 days. On motion for appeal he insists the court erred: 1. In overruling his general demurrer to the indictment; 2.

in admitting incompetent evidence; 3. in overruling his motion for a directed verdict.

■ No defect in the indictment is pointed out by appellant in his brief, and we have found none. An examination of the indictment shows it conforms to the requirements set out in §§ 122–124 of the Criminal Code of Practice.

It may be helpful to give a brief résumé of the facts before discussing grounds two and three relied upon by appellant. As we read the evidence, appellant owned property on the east side of highway 25–E, on which is his residence, and near the side of the highway is a fruit stand, which he operates. On the opposite side of the highway is a woodland which was neither owned nor rented by appellant, nor was he in possession thereof and had no control over it. There was a fence between this woodland and highway 25–E with a path leading from the west side of the highway to the fence. On the other side of the fence this path led to a spot in the woodland where the officers, acting under a warrant authorizing them to search appellant's premises on the east side of the highway, found nine half-pints of whiskey in a paper sack hidden in the leaves. Some 75 or 100 feet from this whiskey the officers found a pop-cooler buried in the ground, the lid of which the officers testified was like one they had seen previously on appellant's premises. Some of the witnesses testified the spot where the whiskey was found was from 50 to 75 feet from appellant's fruit stand, while others testified this distance was 50 or 60 yards. The Commonwealth proved appellant's reputation was bad for dealing in illegal liquor.

Appellant denied the ownership of the liquor or having any connection at all with it. He admitted the top of the cooler looked very much like one he had owned but which he testified had been stolen from him some time previous to the officers' raid.

The incompetent evidence of which appellant complains, was the introduction of the whiskey found by the officers when they searched the woodland across the highway from the fruit stand. The warrant under which the woodland was searched described appellant's property on the east side of the highway. After searching the premises of appellant and finding nothing, the officers then searched the woodland across the highway and found the whiskey.

■■ Immunity from an illegal search is personal, and protection against same may be asserted only by one whose rights are violated. Willoughby v. Com., 313 Ky. 291, 231 S.W.2d 79. For the same reason appellant is in no position to complain that the affidavit was insufficient upon which the search warrant was issued. Hunt v. Com., 258 Ky. 18, 79 S.W.2d 357. As appellant was not the owner or in possession of the premises searched, he may not complain that the search was illegal or that the search warrant was not supported by the proper affidavit. Therefore, the whiskey found by the search the officers made of the woodland was competent evidence against appellant. Wiley v. Com., 246 Ky. 425, 55 S.W.2d 41; Vogler v. Com., 255 Ky. 511, 75 S.W. 2d 11.

■■ There is merit in appellant's contention that the court erred in overruling his motion for a directed verdict. A conviction may be sustained on circumstantial evidence, but such evidence must be so incriminating as to exclude every reasonable hypothesis of innocence. Where the evidence is as consistent with innocence as with guilt, a verdict should be directed in favor of accused. Abrams v. Com., Ky., 243 S.W.2d 902. We have held that one may not be convicted of a liquor violation solely because whiskey was found on adjoining premises with a pathway leading to the cached liquor from accused's premises, even though his reputation for liquor violations was bad, as was accused's in the case at bar. Layer v. Com., 204 Ky. 510, 264 S.W.2d 1097; Lorman v. Com., Ky., 269 S.W.2d 243.

■ In the instant case there was not even a path leading from appellant's premises to the place where the liquor was found.

The highway separated the place where the path began from the fruit stand of appellant. Here, the evidence lacks much of being so incriminating as to exclude every reasonable hypothesis of appellant's innocence and the court erred in overruling his motion for a directed verdict.

The motion for an appeal is sustained, and the judgment is reversed with directions that if the evidence is substantially the same upon another trial, the court will direct a verdict in favor of appellant.