Wayne MARCUM, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 10, 1967.

Fritz Krueger, Somerset, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, C. Homer Neikirk, Somerset, for appellee.

DAVIS, Commissioner.

The appellant has been convicted of violation of the local option law (KRS, Chapter 242). His punishment was fixed by the jury at a fine of $100 and confinement in jail for 60 days. KRS 242.990(1). The punishment prescribed falls within the statutory range set for a first or second offender against the local option law.

Four grounds are advanced as bases for reversal: (1) A directed verdict of acquittal should have been granted; (2) it was error to submit to the jury the question whether appellant had been convicted of two prior offenses under KRS, Chapter 242; (3) there was failure of proof to identify this appellant with the person previously convicted; (4) the instructions were erroneous.

The indictment charged the "prime" offense as having occurred on or about the ———— day of March, 1966. That offense was alleged to have been the appellant's illegal possession for purpose of sale of eight pints of Old Crow liquor, in local option territory.

The indictment charged that appellant had been convicted of two previous violations of the local option law, one of which occurred on September 28, 1958, and the earlier of which convictions occurred on May 8, 1956. The indictment appropriately alleged that the required sequence of offense and conviction had occurred.

The first assignment of error goes to the validity of the conviction of the "prime" offense, and is rested on the claim that the contraband liquor was not shown to have been in the possession of the appellant.

A search warrant had been obtained pursuant to the affidavit of the sheriff. The warrant directed the officer " * * * to search the house and premises adjacent thereto now in the possession of Wayne Marcum said premises being located in Pulaski County, Kentucky, and described as follows: On Highway W No. 80, southeast of Gaunce's Big Store, and at the junction of Hideaway Drive or Oak Hill Road and W No. 80 consisting of lot of ground, House Trailer, cars and out buildings."

The evidence disclosed that Marcum lived in a house trailer, and that the search warrant accurately described his place of abode. The sheriff related that he went upon Marcum's premises and read the search warrant to him. Then a search was conducted of Marcum's premises and of an area located across the road from Marcum's place. The eight pints of whiskey were found in a cabinet of a sink in an unfinished building located across the road from Marcum's residence. An empty carton for Old Crow whiskey was located just behind Marcum's trailer. There was no evidence as to who owned the property across the road from Marcum's where the liquor was found. The immediate question arises as to whether the prosecution adduced evidence sufficient to support a finding that the liquor was in the possession or control of Marcum. We examine the evidence relating to that point.

The sheriff testified that he knew Marcum's reputation as a violator of the local option law. Then the witness gave this testimony:

"Q1. Mr. Hansford, tell the Court and Jury whether or not you had seen or if you had seen the defendant Wayne Mar-

cum on these premises that you searched and where you did find this whiskey?

A. Yes, sir.

Q2. Will you tell the circumstance and the time and so on?

A. On the 13th of March there's a man come out of the trailer, where Mr. Marcum lives and across the road and into a building and come back out to a car and handed something in the car.

Q3. You mean you saw a person go to this building that you say was a garage across the road?

A. Yes, sir.

Q4. And come back where?

A. To the road and hand something in a car.

Q5. Was that somebody Wayne Marcum?

A. To the best of my knowledge, yes.

Q6. Now did you ever see him there at any other time?

A. On the 19th there was two—two trips made from that garage to a car parked just off the road.

Q7. Were you observing that?

A. Yes, sir.

Q8. Do you know who that was?

A. Not for sure, he did come out of the trailer where Mr. Marcum lives.

Q9. Was that in the daytime or night?

A. Night.

Q10. Now, on the day that you made this search and secured this search warrant, did you see the defendant Marcum there at any time previous to the time that you obtained the search warrant?

A. He was parked—when we got—just before we got there he was talking to some person in a car in a car on this property, just off the road, probably on the edge of the road of this property where the building is being constructed.

Q11. In other words, he was on that property, there across the road?

A. Yes, sir."

A deputy sheriff testified of having made a surveillance of the unfinished building on the night before the search was accomplished. When asked what he had observed on that occasion he replied:

"A. There was someone, I can't say this was Mr. Marcum, but some one came out of his trailer and come over to where this, into this building, and I walked up to the building where I could tell and hear what was kindly going on in there I couldn't hardly, couldn't see, but I heard a bottle rattle in there and whoever it was went back to a car that was parked in front of Mr. Marcum's trailer."

█ Appellant points out that evidence must reflect that the contraband liquor was kept for sale and that it was subject to the control and management of the accused. Noble v. Commonwealth, Ky., 295 S.W.2d 343, 345. When liquor is discovered on premises not owned by the accused there must be some evidence of substance "connecting" the accused with it. See Barrett v. Commonwealth, Ky., 390 S.W.2d 654; Powell v. Commonwealth, Ky., 282 S.W.2d 340; McBride v. Commonwealth, Ky., 279 S.W.2d 772; Lorman v. Commonwealth, Ky., 269 S.W.2d 243.

█ It is our view that the evidence for the Commonwealth did "connect" appellant with the eight pints of Old Crow. It is true that the evidence of the sheriff was weakened when he testified that the individual he saw in the unfinished building was Marcum "to the best of my knowledge." However, we are not able to say that this qualification of the testimony was such as to utterly destroy its probative value. Certainly this evidence, as well as the other testimony quoted above, "connects" the appellant with the liquor; appellant did not testify

nor offer any proof in his own behalf to refute the prima facie case made against him. We are persuaded that the evidence here was sufficient to sustain the verdict and the trial court properly denied appellant's motion for a directed verdict.

 Appellant contends that there was insufficient proof to warrant submission of an issue of his having been formerly convicted. He relies upon Marcum v. Commonwealth, Ky., 398 S.W.2d 886. There we observed that the required sequence of offense and conviction, followed by offense and conviction, should be shown by specific evidence. That observation was not made the basis for reversal of that conviction, however. In the present case the verdict fixed the punishment within the maximum limits for the prime offense only. It is obvious that the jury did not fix the punishment upon the basis of two prior convictions, as the minimum penalty in that circumstance is confinement in the penitentiary for a year. KRS 242.990(1). There was unequivocal testimony by the circuit clerk that this appellant had been convicted of an offense against the local option law prior to the date of the prime offense alleged. If there had been a deficiency of evidence relating to the earliest offense (which we do not decide) it was not prejudicial, and is not a proper basis for reversal. RCr 9.24.

The third assignment of error is that the evidence failed to identify the appellant as the person convicted in the earlier cases. There is no merit in this contention. The circuit clerk did positively identify appellant as the individual convicted in 1958. The identity of names raises a prima facie case of identity of persons. See Foster v. Commonwealth, Ky. (decided October 28, 1966); Sullivan v. Commonwealth, 222 Ky. 771, 2 S.W.2d 666.

The final question raised relates to the sufficiency of the instructions. We have read the instructions as given and are not persuaded that they are subject to the criticism levelled upon them by appellant. It would unduly lengthen this opinion and serve no useful purpose to copy the instructions here. In our view they adequately presented the issues within the rule as explained in Marcum v. Commonwealth, Ky., 398 S.W.2d 886, and in Brown v. Commonwealth, Ky., 378 S.W.2d 608.

The judgment is affirmed.

All concur.