Gordon **MELTON**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

April 2, 1971.

Denver Adams, Hyden, for appellant.

John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

REED, Judge.

Gordon Melton was tried by jury and convicted of possession of alcoholic beverages in local option territory for purpose of sale; this was alleged and found to be his second offense of violation of the local option law. He was fined $100 and sentenced to thirty days in jail. He appeals and asserts several grounds of reversible error. We find it necessary to only consider the argument that he was entitled to a directed verdict in his favor. The Attorney General concedes that a submissible case was not made out by the Commonwealth's evidence. We reverse the judgment.

Pursuant to a search warrant which authorized a search of Melton's premises the prosecuting officers discovered a quantity of whiskey and beer, but it was not found on Melton's premises. The contraband liquor was located on the other

side of a creek which is approximately 120 feet from Melton's house. A path leads from the house to the creek. The whiskey and beer were found some 40 to 50 feet up from where the path ends on the side of the creek which is farthest from Melton's premises. No evidence was presented that this whiskey and beer were ever under the control, ownership, or management of Melton; nor was there any evidence that these alcoholic beverages were kept for purpose of sale. There was simply no evidence that connected Melton with the whiskey or beer which was found and introduced as the evidence against him. Melton was entitled to a directed verdict of acquittal under our rulings in Lorman v. Commonwealth, Ky., 269 S.W.2d 243, and Barrett v. Commonwealth, Ky., 390 S.W.2d 654.

The judgment is reversed for further proceedings consistent herewith.

All concur.